[Nos. 636-2; 687-2; 688-2.    Division Two.    January 2, 1973.]

THE STATE OF WASHINGTON, *Respondent,* v. LARRY MORGAN *et al., Appellants.*

*Richard F. DeJean,* for appellants.

*Ronald L. Hendry, Prosecuting Attorney,* and *Joseph D. Mladinov, Special Counsel,* for respondent.

PETRIE, C.J.—Defendants, Larry, David and Norman Morgan, all brothers, entered pleas of guilty in Superior Court for Pierce County to the crime of assault in the third degree. The charge stemmed from a severe beating administered by the defendants to James Frederickson at his home in South Prairie in September, 1969. The trial court, pursuant to the terms of RCW 9.92.060, granted all defendants a suspended sentence upon certain conditions, one being that they make restitution to Frederickson for medical expenses, lost wages and damages for "pain and suffering" incurred as a result of the assault.

The primary issue raised by the defendants is whether or not the restitution provision of RCW 9.92.060 empowers a trial court, as a condition of suspending a

sentence, to award monetary compensation for pain and suffering to the victim of a crime. Defendants contend that the legislature did not authorize the courts of this state to make such an award, and it was, therefore, an abuse of the trial court's discretion to award the victim $1,500 for his pain and suffering. We disagree.

RCW 9.92.060 provides in part:

That as a condition to suspension of sentence, the court may require the convicted person to make such monetary payments, on such terms as the court deems appropriate under the circumstances, as are necessary . . . , (2) to make restitution to any person or persons who may have suffered *loss or damage* by reason of the commission of the crime in question, . . .

(Italics ours.)

This statute authorizes a court to suspend a sentence upon conditions which bear a reasonable relation to the defendant's duty to make reparation, or as tend to prevent the future commission of crimes. *County of Spokane v. Farmer*, 5 Wn. App. 25, 486 P.2d 296 (1971); *State v. Summers*, 60 Wn.2d 702, 375 P.2d 143 (1962). Courts of this state have construed subsection (2) of this statute to include monetary payments of fixed liabilities (funeral expenses), as well as general damages ($7,500 to parents of negligent homicide victim). *State v. Summers, supra; State v. Gunderson,*[1] 74 Wn.2d 226, 444 P.2d 156 (1968).

In the case at bench, we are satisfied that the restitution ordered by the trial court was for "loss or damage" sustained by the victim as a direct consequence of the commission of the particular crime to which the defendants pleaded guilty. The payments ordered thus bear a reasonable relation to the defendants' duty to make reparation. The conditions imposed were, therefore, consistent with the provisions of RCW 9.92.060, and within the discretionary

[1]In *State v. Gunderson*, 74 Wn.2d 226, 444 P.2d 156 (1968), restitution was ordered as a condition of deferment of sentence, pursuant to subsection (2) of RCW 9.95.210, which is identical in language to the provisions of subsection (2) of RCW 9.92.060.

powers of the trial court. We find no abuse of that discretion.

We decline the defendants' invitation to consider the possible effect that a damage award in a criminal proceeding may have upon a future civil action arising out of the same incident. That question is more properly a matter of legislative determination.[2]

Defendants' final contention is that RCW 9.92.060, as amended, is unconstitutional because it violates the provisions of article 2, section 37 of the Washington State Constitution. There is nothing in the record before us to indicate that this issue was presented to the trial court. The failure to raise this issue to the trial court precludes us from considering it upon appeal. *Washington Osteopathic Medical Ass'n v. King County Medical Serv. Corp.*, 78 Wn.2d 577, 478 P.2d 228 (1970); *Gnecchi v. State*, 58 Wn.2d 467, 364 P.2d 225 (1961).

Judgment affirmed.

PEARSON and ARMSTRONG, JJ., concur.

---

[2] We note parenthetically that the American Bar Association Special Committee on Minimum Standards for the Administration of Criminal Justice has recommended, as an alternative to the imposition of a fine, restitution or reparation to the victims of crimes in certain limited cases. *See* ABA standards relating to Sentencing Alternatives and Procedures, Standards with Commentary, § 2.7(d) (Approved Draft, 1968).