359 A.2d 829

**COMMONWEALTH of Pennsylvania**

v.

**Herman F. STOUFFER, Appellant.**

Superior Court of Pennsylvania.

Submitted March 1, 1976.

Decided June 28, 1976.

144

Blake E. Martin, Chambersburg, for appellant.

Edwin D. Strite, Jr., Asst. Dist. Atty., Chambersburg, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

In 1966 appellant, Herman F. Stouffer, was charged with ten counts of uttering forged instruments.[1] He was tried by a jury and found guilty on all ten counts. Subsequently on a detainer, appellant was tried in Maryland on related charges, found guilty, sentenced, and served three years at the State Correctional Institution at Baltimore, Maryland. Upon return to Pennsylvania he was sentenced as to the ten counts of uttering forged instruments. Judgment of sentence was appealed to this court and affirmed per curiam with Judges Hoffman, Spaulding and Spaeth dissenting. See *Commonwealth v. Stouffer*, 225 Pa.Super. 30, 307 A.2d 415 (1973). Appellant then petitioned our Supreme Court for allocatur and was denied. Having exhausted his state remedies appellant sought a writ of habeas corpus in the United States District Court for the Middle District of Pennsylvania. That court found that appellant's trial had been prejudiced by pretrial publicity and ordered a new trial. After several continuances a trial without jury was held on

1. Act of June 24, 1939, P.L. 872, § 1014, Former 18 P.S. § 5014.

June 14, 1974. At that trial the testimony of appellant's first trial was introduced. Appellant did not dispute the facts as set forth at the first trial and sought in the second trial only to introduce a new legal theory. Based on the testimony of the first trial and the testimony offered by appellant at the second trial, the court found appellant guilty of all ten counts of uttering forged instruments. Postverdict motions were argued and denied, and on January 29, 1975 appellant was sentenced on eight of the ten counts. On November 12, 1975 appellant was sentenced by the trial court on the remaining two counts. Appellant consolidated his appeals from those judgments of sentence.

First to be considered is appellant's contention that the Commonwealth failed to produce sufficient evidence to sustain a verdict of guilty as to the ten counts of uttering forged instruments. In considering this issue the evidence, and all reasonable inferences arising therefrom, must be read in the light most favorable to the Commonwealth. *Commonwealth v. Tabb*, 417 Pa. 13, 207 A.2d 884 (1965). With this standard in mind the facts are as follows. During the years 1962 to 1966 appellant was in the home construction business. Due to the nature of this business appellant needed substantial financing. This financing was obtained through the Citizens' National Bank and Trust Company of Waynesboro, Pennsylvania, pursuant to a $430,000 note. The Citizens Bank, not being able to supply this amount of capital alone, secured the participation of Philadelphia National Bank. The first $130,000 of the $430,000 was to be advanced by Citizens Bank and the remaining $300,000 was to be advanced by the Philadelphia National Bank. The banks agreed to advance money to appellant on the basis of notes signed by purchasers of appellant's houses and then endorsed by appellant and his wife. It is these notes which are the basis of the charges against appel-

lant. Relevant to the instant case are ten such notes on which appeared the forged signatures of various purchasers and purported purchasers of appellant's houses. Appellant acknowledges that the purchasers' signatures on the notes are not genuine but, nevertheless, argues that the Commonwealth failed to prove that he intended to defraud the banks. Appellant bases this argument on his contention that the $430,000 note to Citizens Bank was not secured by the forged notes but was secured instead by other collateral. This argument fails because the fact that the $430,000 note was secured by other collateral does not preclude the bank from also securing the same loan with the notes of appellant's purchasers. When appellant forged the purchasers' signatures, he induced the banks to advance money on the false pretense that the purchasers were obliged to pay the banks according to the notes. Since appellant's entire defense at his second trial rested on the mistaken premise that a loan be secured by only one form of collateral, we find ample evidence to support the finding of appellant's guilt as to the ten counts of uttering forged instruments.

■■ Next, appellant argues that his sentences are illegal because the court ordered him to make restitution. Appellant contends, citing *Commonwealth v. Flashburg*, 237 Pa.Super. 424, 352 A.2d 185 (1975), that at the time of sentencing the court did not have the power to order restitution.[2] *Flashburg* did hold that between June 6, 1973, the effective date of our Crimes Code,[3] and March 30, 1975, the effective date of Section 1321(c) of the

2. The Commonwealth argues that this issue is waived because at time of sentencing appellant did not object to the restitution. This waiver argument fails because appellant is questioning the power of the court to order restitution. Since jurisdictional questions of this type may be raised at any stage of the proceedings, the instant question is properly before us. *Commonwealth v. Little*, 455 Pa. 163, 314 A.2d 270 (1974); *Commonwealth v. Mangum*, 231 Pa.Super. 162, 332 A.2d 467 (1974).

3. Act of December 6, 1972, P.L. 1482, § 1, 18 Pa.C.S. § 101 et seq.

Crimes Code,[4] the courts did not have authority to order restitution. However, *Flashburg* dealt with a crime committed under the Crimes Code; in the instant case the crime was committed under the old Penal Code.[5] Accordingly, unlike *Flashburg*, the lower court in the instant case was not constrained by the sentencing provisions of the Crimes Code. This point is alluded to in Section 2 of the act enacting the Crimes Code, which provides:

> "Title 18 of the Consolidated Pennsylvania Statutes (relating to crimes and offenses), as added by this act, does not apply to offenses committed prior to the effective date of this act and prosecutions for such offenses shall be governed by the prior law, which is continued in effect for that purpose, as if this act were not in force. For the purposes of this section, an offense was committed prior to the effective date of this act if any of the elements of the offense occurred prior thereto." [6]

There are circumstances when the sentencing in a case which has not been finally litigated could be affected by the enactment of new sentencing standards. One such example is the enactment of the Controlled Substance, Drug, Device and Cosmetic Act.[7] Section 39(a) of that act states in part: "In any case not yet final if the offense is similar to one set out in this act, the penalties under this act apply if they are less than those under

4. Act of December 30, 1974, P.L. 1052, No. 345, § 1, effective in 90 days, 18 Pa.C.S. § 1321(c) (Supp.1975–76), which provides "In addition to the alternatives set forth in subsection (a) of this section the court may order the defendant to compensate the victim of his criminal conduct for the damage or injury that he sustained."

5. See note 1, supra.

6. Act of December 6, 1972, P.L. 1482, § 2, Historical Note preceding 18 Pa.C.S. § 101.

7. Act of April 14, 1972, P.L. 233, § 1 et seq., 35 P.S. § 780–101 et seq.

148

prior law." Accordingly, our courts have applied the lesser penalties of the new drug act to crimes committed under the old act. See *Commonwealth v. Goodman*, 454 Pa. 358, 31 A.2d 652 (1973) ; *Commonwealth v. Thomas*, 450 Pa. 548, 301 A.2d 359 (1973). However this was done only because the new act provided for such procedure. The Crimes Code has no provision similar to Section 39(a) of the Controlled Substance, Drug, Device and Cosmetic Act. Therefore, in light of Section 2 quoted above, we hold that at the time of appellant's sentencing our courts did have authority to order restitution if the sentence was for a crime committed prior to the enactment of the Crimes Code.[8]

■■ Lastly, appellant contends that the sentencing on the two counts on November 12, 1975, denied him his right to due process and a speedy trial. As was pointed out earlier, appellant was sentenced on eight counts on January 29, 1975 and, without objection, sentencing on the remaining two counts was deferred for a period not intended to exceed seven months. Although it is not clear why the sentencing on the two counts was deferred, it is clear that appellant did not object to the deferment. Rather than sentence within seven months the court waited nine months. Since appellant agreed to the seven month delay, the further delay of two months did not violate appellant's constitutional rights to due process and a speedy trial, Appellant relies on the case of *Commonwealth v. Stewart*, 221 Pa.Super. 1, 289 A.2d 126 (1972) where this court vacated a sentence which was deferred for eleven years. The two month delay in the instant case, unlike the eleven-year delay in *Stewart* is simply not an abuse of the discretion given to the trial courts in matters of sentencing.

Affirmed.

8. Act of June 24, 1939, P.L. 872 § 1109, as amended, Former 18 P.S. § 5109.