STATE OF NEBRASKA, APPELLEE, v. CORY BEHRENS, APPELLANT.

285 N. W. 2d 513

Filed November 20, 1979. No. 42661.

Forrest F. Peetz, for appellant.

Paul L. Douglas, Attorney General, and Harold Mosher, for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

CLINTON, J.

The defendant was charged in the District Court for Holt County, Nebraska, with the crime of assault with intent to inflict great bodily injury. He was tried by a jury and found guilty of the lesser offense of assault and battery. He received a sentence of 2 years probation, subject, among others, to the following conditions: (a) He shall be confined in the Holt County jail for 90 days with no credit for prior time in confinement. (b) He shall refrain from frequenting unlawful or disreputable places or consorting with disreputable persons, and he shall consume no alcohol in public or appear in public after consuming alcohol. Any peace officer or probation officer having reasonable cause to believe the defendant may have violated this provision shall forthwith bring him before the court for a hearing on said violation. (c) He shall make restitution of the fruits of his crime in the amount of $160.50 to Western Insurance Company for medical bills and the amount of $500 to Dr. Julian Pickens for pain and suffering, and court costs.

On appeal to this court, the defendant assigns and argues the following errors: (1) The sentence, including the 90-day jail term, is excessive and, in particular, the court abused its discretion in not giving credit for "prior jail time." (2) It was an abuse of discretion for the court to require that the defendant not be allowed to consume alcohol in public nor be allowed to appear in public after having consumed alcohol. (3) The court abused its discretion in requiring that, as a condition of probation, the defendant pay to the victim of the assault the sum of $500 as compensation for pain and suffering. We affirm.

In support of his first assignment, the defendant advances several arguments: (1) Jail time is not an authorized condition of probation in misdemeanor cases. (2) In cases where the maximum penalty for conviction of a misdemeanor is 90 days, the imposition of a 90-day jail term, together with probation, exceeds the maximum sentence authorized by law. (3) Under the holding of this court in State v. Nuss, 190 Neb. 755, 212 N. W. 2d 565, confinement may not be made a condition of probation. (4) If the defendant should violate the conditions of his probation, he could be sentenced to the maximum term of 6 months for assault and battery. In that event, the total jail time would exceed the maximum sentence authorized by law. (5) The sentence is excessive under the circumstances.

The defendant's first argument is ill-founded. It is apparent the statutes expressly contemplate that the authorized conditions for probation described in section 29-2262, R. R. S. 1943, are applicable to misdemeanor convictions. Section 29-2260 (2), R. R. S. 1943, provides in part: "Whenever a court considers sentence for an offender convicted of either a misdemeanor or a felony, the court may withhold sentence of imprisonment unless, . . . ." That statute, in subsection (4), then authorizes a sentence of probation in lieu of imprisonment. Section 29-2262, R. R. S. 1943, expressly authorizes jail time as a condition of probation. The two statutes are part of the same act and must be construed together. We hold that section 29-2262, R. R. S. 1943, authorizes confinement in the county jail as a condition of probation in the case of a conviction of a misdemeanor.

Arguments (2) and (4) above are hypothetical. The maximum jail sentence for assault and battery is 6 months. The jail time of 90 days, together with the sentence of probation, does not exceed the maximum authorized by law. The question posed by argument (4) will arise only if the defendant violates

the terms of his probation and then receives a sentence. The problem raised is simply not before us at this time. As to argument (3), our holding in State v. Nuss, *supra,* is not applicable. The 1975 amendment to section 29-2262, R. R. S. 1943, authorizing jail time as a condition of probation, was the specific legislative response to State v. Nuss, *supra.*

As to the defendant's fifth argument, we note there was no bill of exceptions filed in this case. We do not know the details and circumstances of the assault. Any assignment of error which requires an examination of the evidence cannot prevail on appeal in the absence of a bill of exceptions. Hanson v. Hanson, 198 Neb. 675, 254 N. W. 2d 699; State v. Griger, 190 Neb. 405, 208 N. W. 2d 672. However, the presentence investigation is in the record before us. An examination of that report, which includes information as to the defendant's past criminal record, clearly indicates the court did not abuse its discretion in imposing the sentence it did.

The defendant's claim that the court abused its discretion in restricting the defendant's use of alcohol is clearly unmeritorious. The presentence investigation indicates conclusively the abuse of alcohol is a major factor contributing to the defendant's unsocial conduct.

The contention that the court erred in requiring the defendant to pay to the victim of his assault the sum of $500 as compensation for, pain and suffering is not sustainable. The imposition of such a condition comes within the terms of condition (j) of section 29-2262, R. R. S. 1943, which provides in part: ". . . to make such reparation as the court determines to be appropriate for the loss or damage caused" by the crime.

The Court of Appeals of the State of Washington, in answering a similar contention under a virtually identical statutory provision, held that a statute providing that, as a condition to suspension of sentence,

a court may require a convicted person to make restitution to any person or persons who have suffered loss or damage by reason of the commission of the crime in question, empowered the trial court, as a condition of suspending sentence upon a conviction of assault in the third degree, to require restitution to the victim for pain and suffering, in addition to medical expenses and lost wages, and there was no abuse of discretion in imposing such condition. State v. Morgan, 504 P. 2d 1195 (Wash. App., 1973). In the absence of a bill of exceptions we cannot, of course, make any judgment that the amount is excessive.

AFFIRMED.

McCOWN, J., concurring in part and dissenting in part.

I concur generally with the holdings of the majority opinion, but I dissent from that portion of the opinion which impliedly sanctions the disallowance of any credit for time spent in jail awaiting sentence against the maximum 90-day jail confinement time authorized to be imposed in a sentence of probation.

In this case the sentence of probation specifically provided, as a condition of probation, that the defendant was to be confined in the Holt County jail for a period of 90 days, "with no credit for past time spent in said Holt County Jail." The record reflects that the defendant had spent 43 days in the county jail before he was released on bail on the charges involved here. By denying any credit for jail time, the District Court has imposed a period of 133 days imprisonment in the county jail as a condition of probation.

There can be no doubt that, in the absence of statute, the court has no power to impose any period of imprisonment as a condition of probation. State v. Nuss, 190 Neb. 755, 212 N. W. 2d 565 (1973). A statute authorizing imprisonment as a condition of probation was adopted in Nebraska in 1975. Section 29-2262, R. R. S. 1943, provides that as a condition of

a sentence of probation in any case, the court may require the offender to be confined in the county jail for *"not to exceed 90 days."*

This court has held that where the maximum term of a sentence of imprisonment is the statutory maximum for the offense, credit for jail time previously served must be given. See State v. Blazek, 199 Neb. 466, 259 N. W. 2d 914. Under a sentence of probation for any offense, misdemeanor or felony, the statutory maximum period of confinement that may be imposed as a condition of probation is 90 days. Reasonable concepts of justice require that credit for jail time previously served must be given whenever the statutory maximum period of confinement is imposed as a condition on any sentence of probation.

In the case now before us, any defendant who had not been confined in jail for failure to furnish bail prior to trial and sentencing could not be required to serve more than 90 days in jail under any sentence of probation, including the one actually pronounced. The defendant here, however, will be required to serve 133 days in jail under the sentence now approved by this court simply because he could not raise bail for a period of 43 days. To require a defendant who is poor to spend more days, weeks, or months in jail than a rich defendant, who receives an identical sentence for the identical crime, simply because the defendant who is poor cannot raise the money for bail, constitutes rank injustice under any civilized standard of measurement. To sanction such sentencing is contrary to the fundamental concepts of even-handed justice. The sentence of probation here should be modified by granting credit of 43 days for time spent in jail awaiting sentencing.