478 A.2d 5
**COMMONWEALTH of Pennsylvania**
v.
**Sam BALISTERI, Appellant.**
Superior Court of Pennsylvania.
Submitted Nov. 8, 1983.
Filed May 18, 1984.
Petition for Allowance of Appeal Denied Sept. 17, 1984.

**3.** N.T., February 2, 1981, at 1141.

150

Shelley Stark, Assistant Public Defender, Pittsburgh, for appellant.

Robert L. Eberhardt, Deputy District Attorney, Pittsburgh, for Commonwealth, appellee.

Before CAVANAUGH, CIRILLO and CERCONE, JJ.

CERCONE, Judge:

Appellant was convicted in a non-jury trial of two counts of involuntary deviate sexual intercourse;[1] three counts of indecent assault[2] and two counts of corruption of minors.[3] No post-trial motions were filed and appellant was sentenced to a total term of incarceration of four (4) to twelve (12) years to be followed by a five (5) year period of probation. He was further ordered to pay restitution in the amount of $7500 for the psychological treatment and counseling of the two minor victims. Appellant was also directed, as a condition of probation, to provide one hundred (100) hours per year of community service.

On May 27, 1982, appellant represented by the Office of the Public Defender filed a notice of appeal.[4] Pursuant to Pa.R.Crim.P., Rule 1925(b), the court directed appellant to

1. 18 Pa.C.S.A. § 3123.

2. *Id.* § 3126.

3. *Id.* § 6301.

4. Appellant had been previously represented by privately retained counsel.

file a concise statement of matters complained of on appeal. After appellant filed the requested statement,[5] the trial court, in its opinion, found that appellant had failed to file post-trial motions or a motion to modify the sentence and therefore he had not preserved any issues for appeal.[6] The court relied on *Commonwealth v. Gravely*, 486 Pa. 194, 404 A.2d 1296 (1979); *Commonwealth v. Keysock*, 236 Pa.Superior Ct. 474, 345 A.2d 767 (1975). On this appeal, appellant only pursues his claim that the sentence of restitution was illegal.

■ The illegality of a sentence of restitution is not a waivable issue and therefore, we may address appellant's contention. *Commonwealth v. Kerr*, 298 Pa.Superior Ct. 257, 444 A.2d 758 (1982); *Commonwealth v. Stouffer*, 241 Pa.Superior Ct. 142, 359 A.2d 829 (1976). Appellant's argument here is two-fold. First, he contends that while restitution is proper for personal injuries it is not appropriate for emotional or mental disturbances. Secondly, he contends that there was no evidence of record showing that his alleged conduct was responsible for the children's psychological difficulties.

Restitution was imposed pursuant to 18 Pa.C.S.A. § 1106, which reads:

(a) General rule.—Upon conviction for any crime wherein property has been stolen, converted or otherwise unlawfully obtained, or its value substantially decreased as a direct result to the crime, or wherein the victim suffered personal injury directly resulting from the crime, the

5. After the appeal was taken, but before he filed his statement of issues, appellant filed a *pro se* PCHA petition. 42 Pa.C.S.A. § 9541 *et seq.* The court denied the petition without a hearing and without prejudice, finding that the appeal had divested it of jurisdiction to proceed on the petition. No question is raised here as to the correctness of this procedure.

6. One issue raised by appellant was trial counsel's effectiveness. As to this claim, the trial court found that it was without jurisdiction, due to the taking of the appeal, to hold an evidentiary hearing thereon. Appellant does not renew such claim before this court.

offender may be sentenced to make restitution in addition to the punishment prescribed therefor.

Subsection (h), the definitional section, reads in pertinent part:

"Personal injury." Actual bodily harm, including pregnancy directly resulting from the crime.

The Commonwealth contends "actual bodily harm" should be construed broadly to include injury to the psyche. Appellant urges us to adopt a narrow interpretation for "actual bodily harm" limited to physical injuries.

■■■■ The Restatement (Second) of Torts § 461 (1965) provides in pertinent part:

(1) One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, *and if* bodily harm to the other results from it, for such bodily harm.

Comment "d" to that section states:

Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor and lead him to exclaim, "Outrageous!"

Pennsylvania has adopted § 46, thereby making the intentional infliction of mental distress an actionable wrong in this Commonwealth. *See Papieves v. Lawrence,* 437 Pa. 373, 263 A.2d 118 (1970); *Banyas v. Lower Bucks Hospital,* 293 Pa.Superior Ct. 122, 437 A.2d 1236 (1981); *Beasley v. Freedman,* 256 Pa.Superior Ct. 208, 389 A.2d 1087 (1978); *Chuy v. Philadelphia Eagles Football Club,* 595 F.2d 1265 (3rd Cir.1979). Under § 46, a party may recover for emotional distress "and if" bodily harm occurs, for such bodily harm. In other words bodily harm is not a prerequisite for

recovering under the tort of *intentional* infliction of mental distress.[7]

We held in *Jones v. Nissenbaum, Rudolph & Seidner,* 244 Pa.Superior Ct. 377, 383, 368 A.2d 770 (1976) that: "It is apparent that the gravamen of this tort [intentional infliction of mental distress] is that the conduct complained of must be of and extreme or outrageous type." (citation omitted). Quoted in *Banyas,* 293 Pa.Superior Ct. at 126, 437 A.2d at 1238; *Mullen v. Sucho,* 279 Pa.Superior Ct. 499, 504–05, 421 A.2d 310, 313 (1980). Here appellant was alleged to have had sexual contact with two young children and to have encouraged sexual activity between the children, over a four year period. We have no difficulty in finding that such conduct is "of an extreme or outrageous type", as the legislature has seen fit to make it a serious criminal offense. Hence, appellant could be found civilly liable in tort for the children's mental difficulties. The controlling question we must then decide here is whether the tort rule should be transferred to the criminal theory of restitution.

Appellant refers us to legislation from Iowa, I.C.A. § 907.12, subd. 1b, and argues that since that state shares this Commonwealth's goals pertaining to restitution, we should follow its lead. However, that statute explicitly provided for restitution "except ... damages for pain, suffering, mental anguish...."; our statute does not. Similarly in *State v. Bush,* 34 Wash.App. 121, 659 P.2d 1127 (1983), the Washington Court of Appeals denied recovery for mental anguish, pain and suffering or other intangible losses where the juvenile restitution statute explicitly excepted

---

7. We need not address whether physical injury must accompany the *negligent* infliction of mental distress in order for it to be recoverable. However, we do note that there appears to be some inconsistency between dictum in *Sinn v. Burd,* 486 Pa. 146, 404 A.2d 672 (1979), the holdings in *Murphy v. Penn Fruit Co.,* 274 Pa.Superior Ct. 427, 418 A.2d 480 (1980) *Vattimo v. Lower Bucks Hospital Inc.,* 59 Pa. Cmwlth.Ct. 1, 428 A.2d 765 (1981), and the results reached in *Banyas, supra,* and *Hoffner v. Hodge,* 47 Pa.Cmwlth.Ct. 277, 407 A.2d 940 (1979).

such from recovery. RCWA 13.40.020(17). The Pennsylvania statute is silent as to such damages.

Cases revealed to us by the Commonwealth and our own research demonstrate that several other jurisdictions have chosen to interpret their restitution statutes to include recovery for emotional and mental disturbances. In *State v. Behrens*, 204 Neb. 785, 285 N.W.2d 513 (1979), the Nebraska court interpreted its statute, R.R.S. 1943 § 29-2262(j), which empowered the court to impose restitution for "the loss or damage caused ..." as permitting a recovery for pain and suffering. The Oregon statute reviewed in *State v. Sullivan*, 24 Or.App. 99, 544 P.2d 616 (1976), ORS § 137.540(10), provided for restitution for "the damage or loss", and was held to include an award for trauma. While *State v. Morgan*, 8 Wash.App. 189, 504 P.2d 1195 (1973), held that the Washington enactment, RCWA § 9.92.060, which provided for restitution to "any person ... who may have suffered loss or damages ..." included pain and suffering.

While the three jurisdictions referred to have statutes that are worded in more general terms than the Pennsylvania statute, we nonetheless agree with the result of their holdings. Section 1106 provides for payment for personal injury suffered; such term being defined as "actual bodily harm" and not "actual physical injury." As the various tort cases demonstrate a person may suffer much more than just a physical injury to his or her body. The purpose of restitution is rehabilitation of the offender by impressing upon him or her the loss he or she has caused and that it is his or her responsibility to repair that loss as far as it is possible to do so. *Commonwealth v. Wood*, 300 Pa.Superior Ct. 463, 446 A.2d 948 (1982). Restitution should be encouraged as both an aid in assisting the defendant's rehabilitation and as an aid in compensating the victim. *Commonwealth v. Fuqua*, 267 Pa.Superior Ct. 504, 407 A.2d 24 (1979).

■ Applying these principles to the facts of this case, damage to the emotional health of a child, can be as damaging, if not more so, than any physical injury. Appellant's conduct has caused severe emotional harm to his young victims and he must bear the financial expense, as far as is feasible, for the alleviation of the mental anguish. Anything less would not comport with the purpose of restitution. Hence, today we hold that "actual bodily harm" includes *actual* emotional or mental disturbances for the purpose of imposing restitution.[8]

■ The imposition of restitution, as is the case with other sentences, initially lies within the discretion of the sentencing court. *Commonwealth v. Erb,* 286 Pa.Superior Ct. 65, 428 A.2d 574 (1981). Since restitution is part of a criminal sentence, it must be supported by the record and the court must determine the loss or damages resulting from the defendant's conduct; the amount of compensation the defendant can afford to pay; and how such amount should be paid. *Commonwealth v. Galloway,* 302 Pa.Superior Ct. 145, 448 A.2d 568 (1982); *Commonwealth v. Wood, supra; Commonwealth v. Seminko,* 297 Pa.Superior Ct. 418, 443 A.2d 1192 (1982); *Commonwealth v. Fuqua, supra.* An award for restitution should not be speculative or excessive. The general rule is that if the record does not support the order of restitution then such sentence should be vacated. *Id.*

■ Appellant challenges the casual relationship between his alleged conduct and the emotional disturbance of the young victims. To order a defendant to pay restitution, his or her criminal conduct must have caused the loss or injury being compensated for. *Commonwealth v. Cooper,* 319 Pa.Superior Ct. 351, 466 A.2d 195 (1983).

■ In the current case the sexual assaults occurred over a four year period. The sentencing court had before it

8. We do not here determine whether restitution may be properly awarded for general damages such as pain and suffering. Instead our holding is limited to a situation where an actor's conduct precipitates a mental or emotional disturbance requiring *actual* treatment.

various reports concerning the victims' mental and emotional background. Defense counsel expressed his concern that such reports did not proportion the causation between appellant's conduct and the other contributing factors. The court found "that although there may have been other factors resulting in the placement of the children ... that certainly Mr. Balisteri's conduct was a contributing factor, although I gather ... that there may be other factors involved...." The court noted that the children's environment may have contributed to their placement. "Nonetheless, [the court felt] Mr. Balisteri contributed to the placement in those programs, particularly in placement at Western Psychiatric Institute for the boy who had gone shortly after this." (N.T. 4/28/83 pp. 10–11).

We find that we are unable at this point in time to resolve whether emotional trauma, caused at least in part by a defendant's conduct, must be proportioned for purposes of restitution. The various reports relied upon by the court have not been made part of the record on appeal and without the benefit of expert testimony we are unable to review the award of restitution in this respect. While even defense counsel did not doubt that appellant's conduct contributed to the children's problems, he did request a more definitive proof of its extent. We find it necessary to remand to permit the court and the parties to inquire further into the proportional effect the various factors had upon the victims. *C.f., Commonwealth v. Fuqua, supra* (court failed to find on the record causal relationships, however evidence was clear, no need to remand.)

Additionally, the trial court's order of restitution directs the payment of $2,500 for the care of the one victim and $5,000 for the other. We find error in this order in two respects.[9] As noted above a court must determine the amount of the damages caused by the defendant, the amount of restitution that is able to be paid, and how it

**9.** These two errors pertain to the legality of the sentence. We raise them *sua sponte* as we may when such errors go to the legality of the sentence. *Commonwealth v. Ford,* 315 Pa.Superior Ct. 281, 461 A.2d 1281 (1983).

should be paid. *Commonwealth v. Seminko, supra.* Here the sentencing court had ordered and received a supplemental investigation concerning the amounts involved in the treatment of the juveniles. Such document was never made part of the record and hence we are unable to determine whether the amount of restitution was proper. The amount of damages should be made part of the record upon remand. *See, Commonwealth v. Fuqua, supra* 267 Pa.Super. at 510 n. 9, 407 A.2d at 27 n. 9.

Finally, we question the court's directive, which could be interpreted as, requiring restitution be paid to the treating institutions. This court has recently limited the payment of restitution solely to the direct "victim", thus, disproving payments to third parties who assume payment of the victims' losses. *Commonwealth v. Cooper, supra,* 319 Pa.Superior Ct. at 357 n. 8, 466 A.2d at 198 n. 8; *Commonwealth v. Galloway, supra.* Therefore, upon remand, the court should direct payment be made to the minors' legal guardian who is legally responsible for the victims' debts.[10]

Judgment of sentence is vacated and we remand for resentencing in light of this opinion. We do not retain jurisdiction.

CAVANAUGH, J., files a dissenting opinion.

CAVANAUGH, Judge, dissenting:

I respectfully dissent from the majority's disposition in the instant appeal. Initially, I note my agreement with the philosophy espoused by the majority, that is to provide restitution to a criminal victim for emotional and psychological damage. I feel constrained, however, to conclude that such a result was not within the contemplation of the Legislature.

18 Pa.C.S. § 1106(h) is penal in nature and thereby is not subject to a broad or liberal interpretation. *See Common-*

10. The court ordered the probation office to determine at the time of probation, *following incarceration,* the appropriate method of payment. The "better practice" is for the court to establish the manner of payment, however in the current circumstances we can not find error in this respect. *Compare Commonwealth v. Wood, supra.*

*wealth v. Clipper,* 303 Pa.Super. 385, 449 A.2d 741 (1982); *Commonwealth v. Broughton,* 257 Pa.Super. 369, 390 A.2d 1282 (1978); *Commonwealth v. Cluck,* 252 Pa.Super. 228, 381 A.2d 472 (1977); Statutory Construction Act, 1 Pa.C.S. § 1928. The rationale behind the rule of strict construction of a penal statute is not only to give notice to one that their contemplated action is unlawful, but also to supply notice of the penalties which may evolve from their conduct. *Commonwealth v. Broughton, supra.* The majority's interpretation of 18 Pa.C.S. § 1106(h) would contravene the rationale of the above mentioned rule of construction. Furthermore, 18 Pa.C.S. § 1106(h) was not drafted with the same general terminology as those criminal restitution statutes found in jurisdictions relied upon by the majority, as such we are prevented from exercising our discretion in such a fashion as our colleagues in those jurisdictions.

I would, therefore, conclude that it is for the Legislature to expand this statutory provision. In the interim, the victims in this matter would appear to have an adequate remedy at civil law.