COMMONWEALTH of Pennsylvania,
Appellee,

v.

Christopher KEENAN, Appellant

Superior Court of Pennsylvania.

Submitted March 8, 2004.
Filed June 18, 2004.

Kevin J. Rozich, Johnstown, for appellant.

Jerry L. Spangler, Assistant District Attorney, for Commonwealth, appellee.

Before: MUSMANNO, PANELLA, and KELLY, JJ.

OPINION BY PANELLA, J.:

¶ 1 Christopher Keenan appeals from the judgment of sentence entered on September 17, 2003 in the Court of Common Pleas of Somerset County. Following a plea of guilty to the charge of simple assault, 18 Pa.Con.Stat.Ann. § 2701, Keenan was sentenced on April 15, 2003.[1] Subsequent thereto, Keenan filed a Post-Sentence Motion on April 25, 2003 asking the lower court to modify the restitution portion of his sentence. On September 17, 2003 the lower court vacated the April 15, 2003 sentence and substituted the following as the restitution portion of the sentence:

1. Pay the cost of obtaining medical records in the amount of $16.56 to Meyersdale Medical Center;

2. Pay restitution to the Pennsylvania Commission on Crime and Delinquency, Office of Victims' Services, Victims' Compensation Program in the amount of $2,313.56;

3. Pay restitution to Dr. Russell D. Dunmire, 1086 Franklin Street, Johnstown, Pennsylvania, 15905 in the amount of $771.19; and

4. Pay restitution to Conemaugh Memorial Hospital, Johnstown, Pennsylvania, in the amount of $26,770.00. In the event that the

Pennsylvania Commission on Crime and Delinquency, Office of Victims' Services, Victims Compensation Program pays any or all of the amount owed to Conemaugh Memorial Hospital, then the restitution payable to Conemaugh Memorial Hospital shall be reduced by the amount received from the Victims Compensation Program and restitution shall then be payable by Defendant to the Victims Compensation Program in an amount equal to the amount paid by the Victims Compensation Program to Conemaugh Memorial Hospital.

C.R. at 30. Keenan filed a timely notice of appeal.

¶ 2 Keenan presents only one issue for our review:

WHETHER THE TRIAL COURT ERRED IN ORDERING AS PART OF DEFENDANT'S SENTENCE THAT RESTITUTION BE PAID TO MEDICAL PROVIDERS UNDER 18 Pa. C.S.A. § 1106 AND BY MODIFYING THE RESTITUTION ORDER AFTER SENTENCING?

Appellant's Brief at 4. After careful review, we reverse.

■ ¶ 3 Preliminarily we note that, whether a sentencing court's inclusion of restitution was appropriately ordered is generally considered a challenge to the legality of the sentence. *Commonwealth v. Colon*, 708 A.2d 1279 (Pa.Super.1998). The primary purpose of restitution is rehabilitation of the offender by impressing

---

1. As part of his sentence, the lower court ordered Keenan to "pay the cost of obtaining medical records in the amount of $16.56 to Meyersdale Medical Center; pay restitution to Cambria–Somerset Radiology in the amount of $566; to S. Lee Miller, M.D., in the amount of $110; restitution to Michael P. Najarian, M.D., in the amount of $60; pay restitution to Russell D. Dumire, M.D. in the amount of $1,415; pay restitution to Meyersdale Medical Center in the amount of $933.75; and pay restitution to Conemaugh Hospital in the amount of $26,770." N.T., 4/15/03 at 2.

upon him that his criminal conduct caused the victim's personal injury and that it is his responsibility to repair the injury as far as possible. *Commonwealth v. Opperman*, 780 A.2d 714, 718 (Pa.Super.2001). The imposition of restitution is within the sound discretion of the sentencing court and must be supported by the record. *Id.* (citation omitted).

¶ 4 In the case *sub judice*, Keenan contends that the award of restitution to third party medical providers was improper because such medical providers are not "victims" in the true sense of the word under 18 Pa.Con.Stat.Ann. § 1106 and that therefore, the court cannot order that Keenan make payments to medical providers for the injuries he caused. We are constrained to agree, in part, as we are bound by the clear definitional language of the legislation enacted.

¶ 5 The right to impose restitution is statutorily grounded in two provisions, 42 Pa.Con.Stat.Ann. § 9721(c) and 18 Pa.Con.Stat.Ann. § 1106(a). The Sentencing Code, 42 Pa.Con.Stat.Ann. § 9721(c) provides that "the court shall order the defendant to compensate the victim of his criminal conduct for the damage or injury that he sustained." 42 Pa.C.S.A. § 9721(c). The ordering of restitution is further defined by 18 Pa.Con.Stat.Ann. § 1106(a). Section § 1106(a) sets forth the general rule that upon conviction for any crime...wherein the victim suffered personal injury directly resulting from the crime, the offender shall be sentenced to make restitution in addition to the punishment prescribed therefore." 18 Pa.Con.Stat.Ann. § 1106(a); *Commonwealth v. Opperman, supra*, 780 A.2d at 718. A victim is defined within § 1106 as, "[a]ny person, except an offender, who suffered injuries to his person or property as a direct result of the crime." 18 Pa.Con.Stat. § 1106(h).

¶ 6 In the present case, the trial court ordered restitution to be paid to Dr. Russell D. Dunmire and Conemaugh Memorial Hospital, both health care providers which provided medical services to the victim. After careful review, we find no error in the lower court's order of restitution to Conemaugh Memorial Hospital because the order carried with it a proviso that "[i]n the event that the Pennsylvania Commission on Crime and Delinquency...pays any or all of the amount owed to Conemaugh Memorial Hospital, then the restitution payable to Conemaugh Memorial Hospital shall be reduced by the amount received from the Victims Compensation Program and restitution shall then be payable by Defendant to the Victims Compensation Program in an amount equal to the amount paid by the Victims Compensation Program to Conemaugh Memorial Hospital." C.R. at 30.

¶ 7 The ordering of restitution payments to the Victims Compensation Program is proper under 18 Pa.Con.Stat.Ann. § 1106(c) which provides, in relevant part that "the court shall not reduce a restitution award by any amount that the victim has received from the Crime Victim's Compensation Board or other governmental agency but shall order the defendant to pay any restitution ordered for loss previously compensated by the board to the Crime Victim's Compensation Fund or other designated account...." Additionally, the definition of victim under § 1106(c) was amended by the legislature in 1995 to include "the Crime Victim's Compensation Fund if compensation has been paid by the Crime Victim's Compensation Fund to the victim and any insurance company that has compensated the victim for loss under an insurance contract." 18 Pa.C.S.A. § 1106(h).

¶ 8 While our review of the record reveals that although the Victims Compensa-

tion Program failed to submit its claims until May 21, 2003 and September 22, 2003[2] after Keenan had already been sentenced, the May 21st claim had been submitted prior to the lower court acting upon Keenan's post-sentence motion to modify the restitution award. As such, the lower court properly ordered payment to the Victims Compensation Program.

¶ 9 Accordingly, we must now ascertain whether the lower court erred in ordering restitution payable to Dr. Russell Dunmire. "For over a decade the courts of this Commonwealth have struggled with the issue of whether parties other than the 'direct' victim of the crime are entitled to restitution under 18 Pa.C.S. § 1106." *Commonwealth v. Runion*, 541 Pa. 202, 662 A.2d 617, 619 (1995). Underlying this issue is the apparent policy that restitution is not meant to be a reimbursement system to third parties but rather a compensation system to "victims" as that term is defined by the statute. *See Commonwealth v. Figueroa*, 456 Pa.Super. 620, 691 A.2d 487, 491 (1997). Therefore, unless the medical provider is itself a victim, such status requiring that the provider's loss be caused directly by a defendant's criminal conduct rather than a loss merely consequential to such conduct, direct payments of restitution to the provider should not be ordered by the court. *Commonwealth v. Layhue*, 455 Pa.Super. 89, 687 A.2d 382, 383 (1996) *(en banc); Commonwealth v. Balisteri*, 329 Pa.Super. 148, 478 A.2d 5, 10 (1984).

¶ 10 In *Balisteri, supra,* a panel of this Court vacated an order compelling the defendant to pay restitution to a psychiatric institution for the expenses it incurred for the psychological treatment of two minor victims of sexual harassment. In so ordering, the *Balisteri* Court held that the payment of restitution should be limited to the direct victim and not to third parties who shoulder the financial burden of the victim's losses. *Balisteri* at 10.

¶ 11 Accordingly, pursuant to the definition of "victim" in Section 1106(h) and this Court's holding in *Balisteri, supra,* we are compelled to find that the lower court erred in ordering the payment of restitution directly to Dr. Dunmire, a medical provider, rather than the victim.

¶ 12 While we agree with Keenan's claim that medical providers are not proper recipients of payments of restitution, acceptance of this position does not in any way eliminate Keenan's obligation to pay restitution.

¶ 13 Judgment of sentence is vacated and we remand for re-sentencing in light of this opinion. Jurisdiction relinquished.[3]

**2.** At the time of the hearing on Keenan's post-sentence motion, the lower court had not received notification from the Victims Compensation Board that it had paid medical bills incurred by the victim in the amount of $22,391.00. C.R. at 31. The record reveals that on September 22, 2003, the Victims Compensation Program approved an award in the amount of $20,077.50 to be paid to Conemaugh Memorial Hospital. As such, the restitution award of $26,700.00 is reduced and pursuant to 18 Pa.Con.Stat.Ann. § 1106(c), Keenan must pay $20,077.50 to the Victims Compensation Board. As we stated previously, the Victims Compensation Program is a proper victim to whom restitution may be paid under the statute. Accordingly, we find no error in this provision of the lower court's restitution order.

**3.** *See Balisteri, supra,* 478 A.2d at 10.