J-S94003-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BRIAN JOSEPH RUSSELL, SR. | |
| Appellant | No. 30 MDA 2016 |

Appeal from the Judgment of Sentence November 6, 2015
In the Court of Common Pleas of Northumberland County
Criminal Division at No(s): CP-49-CR-0001329-2014

BEFORE:  LAZARUS, J., RANSOM, J., and FITZGERALD, J.[*]

MEMORANDUM BY LAZARUS, J.:                 **FILED DECEMBER 30, 2016**

Brian Joseph Russell, Sr. appeals from the judgment of sentence, entered in the Court of Common Pleas of Northumberland County, after pleading nolo contendere to home improvement fraud and being ordered to pay $31,302.50 in restitution to the victims.[1]  We affirm.

In the summer of 2013, Todd and Karen Heath ("Heaths" or "victims") contracted with Russell to perform demolition and construction work on their Shamokin, Pennsylvania home.  A portion of the demolition project was completed by December; however, much of the work was left uncompleted, resulting in an exposed wall, rain damage to dry wall, and frozen pipes.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 73 P.S. § 517.8(a)(2).

When Russell had not resumed work by mid-January 2014, the Heaths were forced to hire a second contractor, Dean Ross, to complete the job and make repairs to the damage caused by Russell's uncompleted work. In total, the Heaths paid Russell $33,008.50. They paid Ross $33,092.00.

On November 6, 2015, Russell entered a plea of nolo contendere to one count of home improvement fraud. The court imposed a sentence of one year of probation, fines and costs, and restitution in the amount of $1.00 with the full restitution amount to be determined at a later date following a hearing. On November 16, 2015, the Commonwealth filed a motion to modify sentence, asking the trial court to schedule a restitution hearing and modify Russell's restitution sentence so that the total amount, $33,092.00, could be payable to the Heaths.

On December 3, 3015, the court held a restitution hearing at which Karen Heath, Ross, and Russell testified. At trial, Russell testified that he completed approximately 95% of the work under the Heaths' contract and that he should only pay $1,000 in restitution, the cost of labor for the remainder of the work. Russell also testified that the reason he did not complete the job is because an employee stole his tools from the job and he was technically unable to finish the work. Karen Heath testified that in December 2013 Russell stopped working on the house, that she and her husband gave Russell "many opportunities to come back and finish the job . . . [but] he never made an attempt to come back and finish because . . . the tools were taken, [so] he could not finish the job." N.T. Restitution

- 2 -

Hearing, 12/3/15, at 29. As a result, in January 2014, the Heaths asked Russell not to return to the job site. **Id.** at 30. Ross testified that he was hired by the Heaths to complete the job and to repair structural damage due to Russell's uncompleted work that left the Heath's home exposed to severe winter conditions. In fact, Ross testified that "there wasn't a single thing that didn't need to be redone, from top to bottom." **Id.** at 32.

On December 4, 2015, the court modified its original order to reflect that Russell owed the Heaths $31,302.50 in restitution. On January 4, 2016, Russell filed the instant notice of appeal. The court ordered Russell to file a Pa.R.A.P. 1925(b) statement of matters complained of on appeal, to which he complied. On appeal, Russell raises the following issue: Whether the trial court's award of thirty-one thousand three hundred two dollars and fifty ($31,302.50) cents in restitution to the victim is supported by the evidence.

Challenges concerning the amount of restitution involve the discretionary aspects of sentencing, while questions regarding the court's authority with respect to ordering restitution implicate the legality of the sentence. **See In the Interest of M.W.**, 725 A.2d 729, 731, n.4 (Pa. 1999); **see also Commonwealth v. Pleger**, 934 A.2d 715, 719-21 (Pa. Super. 2007) (claim that restitution is excessive is challenge to discretionary aspects of the sentence). "Although an award of restitution lies within the discretion of the [trial] court, it should not be speculative or excessive and

we must vacate a restitution [o]rder which is not supported by the record."

***Commonwealth v. Balisteri***, 478 A.2d 5, 9 (Pa. Super. 1984).

Instantly, in his Rule 1925(b) statement, Russell complains that the court committed reversible error because the "amount of restitution *is not supported by the evidence and is excessive*." Appellant's Pa.R.A.P. 1925(b) Statement of Matters Complained of on Appeal, 1/27/16 (emphasis added). Moreover, in his appellate brief Russell challenges the amount of restitution awarded by the court. Specifically, Russell argues that the court only should have ordered him to pay $2,000 in restitution because he completed 95% of the work for the Heaths and because the second contractor performed work that was not included in Russell's contract with the Heaths. Appellate Brief, at 10. Such a challenge is made to the discretionary aspects of Russell's restitution sentence. ***In re M.W.***, ***supra*** (claim challenging amount of restitution imposed by sentencing court presents challenge to discretionary aspects of sentencing).

"Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." ***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010). Prior to reaching the merits of a discretionary sentencing issue,

> [this Court conducts] a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, [***see***] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from

- 4 -

> is not appropriate under the Sentencing Code, [*see*] 42 Pa.C.S.A. § 9781(b).

*Id.* at 170 (citation omitted). In the instant case, Russell filed a timely notice of appeal, however he failed to include a separate Rule 2119(f) statement in his appellate brief. Because the Commonwealth did not object, however, we may overlook this omission. *See Commonwealth v. Tuladziecki*, 522 A.2d 17 (Pa. 1987). Russell, however, did not challenge the excessiveness of his restitution sentence in a post-sentence motion. As such, Russell failed to comply with the requirements necessary to challenge the discretionary aspects of his sentence. *See Commonwealth v. Tejada*, 107 A.3d 788, 799 (Pa. Super. 2015). Accordingly, Russell has failed to preserve this issue for our review. *Commonwealth v. Baker*, 72 A.3d 652 (Pa. Super. 2013).

Judgment of sentence affirmed.[2]

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/30/2016

_____

[2] Even if we did not find the claim waived on appeal, we would conclude that the court did not abuse its discretion in ordering Russell to pay $31,302.50 in restitution to the Heaths. The Heaths contracted with Russell to make improvements to their home; they paid Russell a total of $33,008.50 for his work. Russell testified that he did not return any of those payments to the Heaths, despite the fact that he was not able to finish the work. Russell's work resulted in damage to the Heath's home, including shifting, cracking of the floor and ceilings, and water damage. The Heaths were forced to hire another contractor to complete the work at the expense of $33,092.

The court calculated the restitution award by taking the total amount expended by the Heaths to have the faulty construction and demolition work completely corrected by the second contractor and subtracting from that figure the amount that the Heaths received in insurance reimbursements ($1,492.00 and $297.50). The court noted that when it calculated the award, it did not include the increase in the Heath's utility bills as a result of Russell's uncompleted work. The court noted such a figure would be speculative, at best. *Balisteri*, *supra*. It also did not include the amount that the Heaths received in their civil lawsuit against Russell. *See* 18 Pa.C.S. § 1106(g) ("any civil award shall be reduced by the amount paid under the criminal judgment."). We recognize, however that pursuant to 18 Pa.C.S. § 1106(c)(1)(i), a "court shall not reduce a restitution award by any amount that the victim has received from an insurance company but shall order the defendant to pay any restitution ordered from loss previously compensated by an insurance company to the insurance company." Therefore, any monies paid to the Heaths by an insurance company, due to the loss they suffered from Russell's criminal actions, should be directly payable to the insurance company as a victim under section 1106(c)(1)(ii)(D).