J-S08007-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID MEADIUS | : | |
| | : | |
| Appellant | : | No. 539 WDA 2017 |

Appeal from the Judgment of Sentence February 7, 2017
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0004482-2012

BEFORE:   LAZARUS, J., KUNSELMAN, J., and STEVENS*, P.J.E.

MEMORANDUM BY LAZARUS, J.:                         FILED APRIL 06, 2018

David Meadius appeals from his judgment of sentence, entered in the Court of Common Pleas of Allegheny County, following revocation of his probation.[1]  After careful review, we affirm.

The trial court summarized the facts of this case as follows:

On January 17, 2012, [Meadius] was traveling east on Forbes Road in the Monroeville area.  There were vehicles stopped in front of [him], and he was unable to stop in time.  He swerved to avoid the cars directly in front of him, crossed into the left lane directly in the path of the victim's vehicle, and the two cars collided.  The Monroeville Police were called to the scene.  At the scene, the Monroeville Police determined that [Meadius] did not have proof of insurance or a valid driver's license.  Further, the Monroeville Police performed a check and found that [his] operating privileges

_____

[1] On January 17, 2013, Meadius pleaded guilty to one count of accidents involving death or personal injury while not properly licensed, 75 Pa.C.S.A. § 3742.1(a) and (b)(2), driving while operating privilege is suspended or revoked, 75 Pa.C.S.A. § 1543(a) or (b), and operation of a motor vehicle without required financial responsibility, 75 Pa.C.S.A. § 1786(f).

_____

*   Former Justice specially assigned to the Superior Court.

were under suspension. [Meadius'] position is that the above-described incident was "just an accident."

This case involves an accident in which [Meadius] was driving without a license or insurance. The parties stipulated to the affidavit of probable cause, the police report, the medical records, and [Meadius'] driving record to form the factual basis for the plea in this case. The parties also agreed to the restitution amount in this case and said agreement was memorialized on the record.

The [trial] [c]ourt addressed the restitution issues at both the guilty plea hearing and the sentencing hearing. The district attorney called the victim in this case, Valerie Turkowski, to testify at the sentencing hearing. [] Turkowski provided testimony regarding the accident, her injuries, and the effects her injuries have had on her life. Regarding restitution, at the guilty plea hearing, the parties agreed that the total amount of restitution to be paid is $30,487.43. At the sentencing hearing, the [trial] [c]ourt said that the total is broken down as follows: the sum of Twenty-Nine Thousand Five Hundred Eighty-Seven Dollars and Forty-Three Cents ($29,587.43) to AMCO Insurance and Nine Hundred Dollars ($900.00) to [] Turkowski. The defendant was sentenced to sixty [] days [i]ntermediate [p]unishment, five [] years['] probation, and ordered to pay restitution in the amount of $30,487.43. After entering the guilty plea the defendant filed a direct appeal [], claiming that [the trial] court erred in ordering restitution in this case. On November 26, 2014, the judgment of sentence was affirmed.

Throughout the history of this case, [Meadius] has made no real effort to comply with the conditions of his sentence, or the conditions of his probation. First, [the trial court] afforded him the opportunity to serve his sixty [] day sentence for [d]riving [u]nder [s]uspension on county intermediate punishment. [Meadius] never complied with that sentence, failed to report to probation and failed to appear at his Gagnon II[2] violation hearing on January 12, 2015. [Meadius] was lodged in the Allegheny County Jail on February 12, 2015 and released on April 23, 2015. [Meadius] began making payments toward restitution and costs in February 2016[.] . . . On December 19, 2016, [Meadius] was scheduled for a Gagnon II violation hearing to address issues of

_____

[2] Gagnon v. Scarpelli, 411 U.S. 778 (1973).

reporting and payment. At that time the hearing was postponed until February 7, 2017, to allow [Meadius] to document physical limitations and disability which would prevent him from reporting and limit his ability to pay costs and restitution. On February 7, 2017, the defendant appeared for the hearing and testified regarding medical issues but did not present the requested documentation. [The trial court] revoked his probation and []imposed a five year probation, ordered [Meadius] to report monthly and make regular monthly payments toward court costs and restitution.

Trial Court Opinion, 9/12/17, at 2-4.

On March 9, 2017, Meadius filed a timely pro se notice of appeal. On March 15, 2017, the trial court appointed counsel to represent Meadius on appeal. Both the trial court and Meadius have complied with Pa.R.A.P. 1925. Meadius raises one issue on appeal:

Whether the trial court abused its discretion and/or erred as a matter of law by revoking [Meadius'] probation and imposing a new sentence of five years' probation simply because a significant amount of restitution was still outstanding in his case, especially when the trial court found that [Meadius] had no willfully failed to pay restitution.[3]

_____

[3] The Commonwealth, however, argues that Meadius' sole issue on appeal, as presented here, challenges the discretionary aspects of the sentence imposed following the revocation of his probation.

Sentencing is a matter vested within the discretion of the trial court and will not be disturbed absent a manifest abuse of discretion. An abuse of discretion requires the trial court to have acted with manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous. It is also now accepted that in an appeal following the revocation of probation, it is within our scope of review to consider challenges to both the legality of the final sentence and the discretionary aspects of an appellant's sentence.

_____

Commonwealth v. Crump, 995 A.2d 1280, 1282 (Pa. Super. 2010) (internal citation omitted).

Meadius entered an open guilty plea on January 17, 2013, and on July 11, 2013, the trial court sentenced him to five years' probation, sixty days intermediate punishment, related fines/suspension or driving privileges, and restitution.  See Commonwealth v. Dalberto, 648 A.2d 16, 21 (Pa. Super. 1994) ("We believe that justice requires that we treat this case as an 'open' plea and permit an appeal to the discretionary aspects of sentencing."). Accordingly, Meadius may challenge the discretionary aspects of his sentence.

This Court has stated that

[c]hallenges to the discretionary aspects of sentencing do not entitle an appellant to appellate review as of right.  Prior to reaching the merits of a discretionary sentencing issue:

[W]e conduct a four part analysis to determine:  (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f);  and  (4)  whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or raised in a motion to modify the sentence imposed at that hearing.

Commonwealth v. Evans, 901 A.2d 528, 533-34 (Pa. Super. 2006) (some citations and punctuation omitted) (emphasis added).

[W]hen the appellant has not included a Rule 2119(f) statement and the appellee has not objected, this Court may ignore the omission and determine if there is a substantial question that the sentence imposed was not appropriate, or enforce the requirements of Pa.R.A.P. 2119(f) sua sponte, i.e., deny allowance of appeal. However, this option is lost if the appellee

Brief of Appellant, at 5.

Meadius avers that his challenge to the imposition of a new sentence following revocation of his probation implicates a sufficiency issue, rather than a challenge to the discretionary aspects of his sentence. Specifically, Meadius argues that the trial court erroneously revoked his probation sentence and imposed a new five-year term of probation without sufficient evidence of a violation.

> When we consider an appeal from a sentence imposed following the revocation of probation, "[o]ur review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternative that it had at the time of the initial sentencing. Revocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion.

_____

> objects to a [Rule] 2119(f) omission. In such circumstances, this Court is precluded from reviewing the merits of the claim and the appeal must be denied.

Commonwealth v. Kiesel, 854 A.2d 530, 533 (Pa. Super. 2004) (citations omitted).

Instantly, Meadius has failed to include in his brief a statement of reasons for allowance of appeal pursuant to Rule 2119(f). Additionally, the Commonwealth has objected to the absence of a Rule 2119(f) statement in its brief. See Commonwealth v. Brougher, 978 A.2d 373, 375 (Pa. Super. 2009) ("[C]laims relating to the discretionary aspects of a sentence are waived if an appellant does not include a Pa.R.A.P. 2119(f) statement in his brief and the opposing party objects to the statement's absence."). Accordingly, Meadius' has waived any claims relating to the discretionary aspects of his sentence for purpose of appellate review.

> The Commonwealth establishes a probation violation meriting revocation when it shows, by a preponderance of the evidence, that the probationer's conduct violated the terms and conditions of his probation, and that probation has proven an ineffective rehabilitation tool incapable of deterring probationer from future antisocial conduct.

Commonwealth v. Perreault, 930 A.2d 553, 557-58 (Pa. Super. 2007) (internal citations omitted).

> [T]he reason for revocation of probation need not necessarily be the commission of or conviction for subsequent criminal conduct. Rather, this Court has repeatedly acknowledged the very broad standard that sentencing courts must use in determining whether probation has been violated[.] A probation violation is established whenever it is shown that the conduct of the probationer indicated the probation has proven to have been an ineffective vehicle to accomplish rehabilitation and not sufficient to deter against antisocial conduct.

Commonwealth v. Colon, 102 A.3d 1033, 1041 (Pa. Super. 2014) (internal citation and quotation marks omitted).

"However, a term of probation may not be revoked for failure to pay fines [and/or restitution] absent certain consideration by the revocation court." Commonwealth v. Ballard, 814 A.2d 1242, 1247 (Pa. Super. 2003). "Prior to revoking probation on the basis of failure to pay . . . restitution, the court must inquire into the reasons for a defendant's failure to pay and [] make findings pertaining to the willfulness of the party's omission." Id. "A proper analysis should include an inquiry into the reasons surrounding the probationer's failure to pay, followed by a determination of whether the probationer made a willful choice not to pay." Id., quoting Commonwealth v. Eggers, 747 A.2d 174, 175 (Pa. Super. 1999).

In July 2013, the sentencing court advised Meadius that in addition to his five-year term of probation, he was to pay restitution in the amount of $29,587.43 to AMCO insurance and $900.00 to the victim and not operate a motor vehicle without a valid license and insurance. N.T. Sentencing Hearing, 6/11/13, at 13. See Commonwealth v. Keenan, 853 A.2d 381, 382-83 (Pa. Super. 2004) ("The primary purpose of his sentence of restitution is rehabilitation by means of impressing upon him that his criminal conduct caused the victim's loss and that it was his responsibility to repair the [loss] as far as possible.").

Meadius did not begin paying restitution until February 2, 2016, approximately three years after the trial court sentenced him to pay restitution. Additionally, Meadius concedes that he has only paid $115.00 towards the $30,487.43 in restitution the trial court ordered him to recompense. The trial court afforded Meadius an opportunity to state on the record his reasons for failing to comply with his restitution sentence. See N.T. Probation Revocation Hearing, 2/7/18, at 3-4. Meadius stated that he had two strokes and a heart attack,[4] that his income and rent are approximately $1000 and $575 per month respectively, and that his then probation reporting requirements are over burdensome. Id. at 4. Meadius' counsel, Brandon Ging, Esquire, did not contest that Meadius' compliance with his restitution sentence was inadequate. Id. at 3. Rather, Attorney Ging requested that the

_____

[4] Meadius did not provide the trial court with any accompanying medical records or documentation corroborating this claim.

trial court place Meadius on extended probation in lieu of imprisoning him for failure to comply with his restitution sentence. Id.

Ultimately, review of the record indicates that Meadius has willfully failed to comply with his restitution sentence, thus, constituting technical violations of his probation; as Attorney Ging aptly stated, "the numbers speak for themselves." Id. at 2; see also Colon, supra. In light of the foregoing, and based upon our review of the record, we conclude that the probation revocation court did not commit an error of law or abuse of discretion in revoking Meadius' probation and imposing a new sentence of five years' probation.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/6/2018