**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Ruth Ann REDMAN, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 7, 2004.

Filed Dec. 17, 2004.

---

Helen R. Santoro, Public Defender, Pittsburgh, for appellant.

Michael W. Streily, Deputy District Attorney, Amy E. Constantine, Asst. District Attorney, Pittsburgh, for Com., appellee.

Before: JOYCE, TAMILIA and POPOVICH, JJ.

TAMILIA, J.

¶ 1 Ruth Ann Redman appeals from the January 5, 2004, judgment of sentence of two years probation and $800.00 restitution imposed after she was found guilty of writing a bad check.[1]

¶ 2 On November 16, 2002, appellant agreed to $800.00 for the purchase of a 1989 Chrysler New Yorker from the victim, DeInora Saunders. On November 18, 2002, the victim deposited the check in her bank account, but subsequently was informed the check had been drawn on insufficient funds. N.T., 1/5/04, 11–14.

¶ 3 At trial, the victim testified she informed appellant the check had not

---

1. 18 Pa.C.S.A. § 4105.

cleared, and that appellant stated she would contact the bank and get back to her. The victim further testified that after a week passed without payment, she contacted appellant and demanded she return the vehicle. The victim then contacted the magistrate and sent a certified letter to appellant demanding payment for the vehicle within ten days.[2] The victim indicated the parties continued to discuss the matter by telephone after the ten-day letter was sent, but appellant refused to return the car and claimed its brakes were defective. In January 2004, the parties proceeded to the magistrate. The victim testified that although the parties agreed to settle the matter during the magistrate's hearing for $500, she has never received payment. *Id.* at 15–21.

¶ 4 Appellant testified the victim never informed her that the bank failed to honor the check. She further stated she did not receive the ten-day letter requesting payment and had no reason to believe the check would not be honored. Appellant avers she was not aware the check had been dishonored until she was forced to defend criminal charges in the matter. Appellant admits she has title to the car and was ordered to pay the victim $500 at the magistrate's hearing. *Id.* at 45, 48–49, 51.

¶ 5 The trial court found the victim's testimony credible, and chose not to believe appellant's version of the events. *Id.* at 59–60. On January 5, 2004, appellant was found guilty following a non-jury trial and sentenced to two years probation. Appellant also was ordered to pay $800.00 of restitution. Record, No. 7. During sentencing, the trial court made an on-the-record inquiry into appellant's prior record, age, personal characteristics, and potential for rehabilitation. N.T., 1/5/04, at

59–67. As a result of these findings, the court stated the following:

> THE COURT: I am—*I will terminate your probation earlier if you are able to have the restitution paid off earlier than the two years.* I want to make sure there is sufficient time to have this paid off.
>
> . . .
>
> In any event, I believe this is appropriate. Certainly, the objective here is to pay restitution of $800. *That is why I am willing to terminate your probation when that occurs.*

*Id.* at 66–67 (emphasis added). The sentencing Order, however, failed to reflect this plan. This timely appeal followed sentencing.

¶ 6 Appellant raises two issues for our review:

I. Did the trial court abuse its discretion by failing to include its specified terms of probation in Ms. Redman's sentencing order?

II. Is Ms. Redman's order of restitution illegal where the court awarded restitution in a speculative amount not supported by the record, and because restitution was not requested by the Commonwealth at sentencing?

Appellant's brief at 6.

¶ 7 We begin by addressing the Commonwealth's contention that appellant's claims are not cognizable on direct appeal. Appellee's brief at 8–9. The Commonwealth avers the claims raised in appellant's 1925(b) Statement are framed as challenges to the effectiveness of trial counsel and must therefore be raised on collateral review pursuant to the Post Conviction Relief Act. *Id.* The Commonwealth further argues that appellant waived her

---

**2.** *See* 18 Pa.C.S.A. § 4105(b)(1)(ii).

challenge to the Order of restitution by failing to raise it in her 1925(b) Statement. *Id.* at 12. We disagree.

■ ¶ 8 Appellant's claim the court erred in fashioning her probation is a challenge to the discretionary aspects of the sentence, and is clearly framed in appellant's 1925(b) Statement as such. Appellant's slight reference to trial counsel's purported ineffectiveness for failing to call this claim to the court's attention is incidental. Record, No. 11; 1925(b) Statement, 3/9/2004, at 2; paragraph 2. Likewise, appellant's claim the court's sentence of restitution is not supported by the record challenges the legality, rather than discretionary aspects, of sentencing. *See In Interest of Dublinski*, 695 A.2d 827 (Pa.Super.1997); *Commonwealth v. Walker*, 446 Pa.Super. 43, 666 A.2d 301 (1995). As a general rule, challenges to the legality of a sentence cannot be waived. *Commonwealth v. Cannon*, 387 Pa.Super. 12, 563 A.2d 918 (1989); *Commonwealth v. Kitchen*, 814 A.2d 209 (Pa.Super.2002). Accordingly, this Court may properly consider the merits of appellant's arguments.

■ ¶ 9 Appellant first argues the trial court abused its discretion by failing to assure that the orally expressed conditions of her probation were properly articulated in the sentencing Order. Appellant's brief at 6. Specifically, appellant avers the written sentencing Order should have reflected the court's oral statement that appellant's probation would terminate early if restitution was paid in full. *Id.* at 10; N.T., 1/5/04, at 65–67.

■ ¶ 10 Appellant's claim is a challenge to the discretionary aspects of the sentence, and our standard of review in addressing such a matter is well-settled. "Imposition of sentence is vested in the discretion of the sentencing court and will not be disturbed by an appellate court absent a manifest abuse of discretion." *Commonwealth v. Griffin*, 804 A.2d 1, 7 (Pa.Super.2002) (citation omitted). "An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will." *Commonwealth v. Cunningham*, 805 A.2d 566, 575 (Pa.Super.2002) (citation omitted).

■ ¶ 11 "The right to appeal the discretionary aspects of a sentence is not absolute." *Commonwealth v. Bishop*, 831 A.2d 656, 660 (Pa.Super.2003) (citations omitted). Rather, we must first determine whether appellant has raised a substantial question warranting our review.[3] The determination of whether a particular issue raises a substantial question must be determined on a case-by-case basis. *Commonwealth v. Cappellini*, 456 Pa.Super. 498, 690 A.2d 1220 (1997). "In order to establish a substantial question, the appellant must show actions by the sentencing court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process." *Bishop, supra.*

¶ 12 Because appellant has not produced any documentation evidencing actual pay-

---

3. 42 Pa.C.S.A. § 9781(b), **Appellate review of sentence,** provides:

(b) **Allowance of appeal.**—The defendant or the Commonwealth may file a petition for allowance of appeal of the discretionary aspects of a sentence for a felony or a misdemeanor to the appellate court that has initial jurisdiction for such appeals. Allowance of appeal may be granted at the discretion of the appellate court where it appears that there is a substantial question that the sentence imposed is not appropriate under this chapter.

ment of restitution, nor has she asserted any claim to that effect, appellant has not yet suffered any prejudice as a result of the court's failure to assure the sentencing Order properly reflected the conditional nature of the probationary sentence as articulated at the time of sentencing. N.T. at 65–67. Nonetheless, our review of the January 5, 2004 sentencing Order, in light of the early-termination provision articulated by the trial court at the time of sentencing, clearly indicates a clerical error was made in the transcription of the court's oral sentencing Order. As a result of this inconsistency, we conclude a substantial question has been raised and we remand this matter and direct the trial court to modify the written sentencing Order to as to include the orally expressed terms of appellant's probationary sentence.

■ ¶ 13 Appellant next argues the Order of restitution imposed by the trial court is speculative and not supported by the record. Appellant's brief at 6. Appellant contends the sentence of restitution is illegal because the Commonwealth failed to request restitution at the time of sentencing. *Id.* at 13. In support of her assertion, appellant relies on 18 Pa.C.S.A. § 1106(c) **Mandatory restitution** (4)(i) and our recent holding in *Commonwealth v. Ortiz,* 854 A.2d 1280 (Pa.Super.2004). *Id.* at 15–16; Appellant's Reply Brief at 7.

¶ 14 Read in pertinent part, § 1106(c)(4)(i) provides:

It shall be the responsibility of the district attorneys of the respective counties to make a recommendation to the court at or prior to the time of sentencing as to the amount of restitution to be ordered. This recommendation shall be based upon information solicited by the district attorney and received from the victim.

*Id.* In *Ortiz,* this Court concluded:

Section 1106(c)(2) mandates that "at the time of sentencing the court *shall speci-*

*fy the amount* and method of restitution." This must be read in conjunction with subsection (c)(4) [*supra*] requiring the Commonwealth to make a recommendation to the Court "at or prior to the time of sentencing." This section would be rendered meaningless if the Commonwealth could just come up with any figure and then move to modify it later.

*Ortiz, supra* at 1283 (internal quotations and emphasis in original).

¶ 15 Contrary to appellant's assertions, the Commonwealth avers the trial court's award of $800.00 restitution was proper under subsection (e) of the bad check statute, and "a recommendation from the Commonwealth concerning appellant's sentence...was not needed." Appellee's brief at 11–12.

■ ¶ 16 After careful review, we cannot agree with appellant that the Order of restitution imposed by the trial court was illegal. It is well-settled that an award of restitution "should be encouraged as both an aid in assisting the defendant's rehabilitation and as an aid in compensating the victim." *Commonwealth v. Balisteri,* 329 Pa.Super. 148, 478 A.2d 5, 9 (1984). Although generally "the mandate of [case law] requires that the sentencing court determine the amount of loss or damage caused[,]" *Walker, supra* at 311 (citation omitted), the bad check statute in this instance *dictates* the amount of restitution. Our holding in *Ortiz,* upon which appellant relies, is inapplicable to this case. In *Ortiz,* the statute under which the defendant was convicted, **Theft by unlawful taking or disposition,** 18 Pa.C.S.A. § 3921, does not contain a restitution provision; the statute under which appellant here was convicted, **Bad checks,** § 4105(e), clearly

does. In pertinent part, that statute provides:

> **(e) Costs.**—Upon conviction under this section the sentence shall include an order for the issuer or passer to reimburse the payee or such other party as the circumstances may indicate for:
>
> (1) **The face amount of the check.**
>
> . . .

*Id.* (emphasis added). In this case, the trial court ordered appellant to pay $800.00 restitution to the victim. Record, No. 7. It is undisputed the face amount of the dishonored check appellant used to purchase the automobile in question was $800.00. Accordingly, the sentence of restitution imposed upon appellant is proper; there was no need for the Commonwealth to make a recommendation to the court as is required by § 1106(c)(4)(i), *supra.*

¶ 17 Judgment of sentence affirmed except for the written sentencing Order which the trial court is directed to amend so as to include the conditions of probation as orally expressed at the time of sentencing.

¶ 18 Jurisdiction relinquished.

¶ 19 Judge JOYCE files a Concurring Opinion.

JOYCE, J., concurring.

¶ 1 I agree with the well-reasoned result arrived at by the Majority. I write separately to further clarify my position relative to Appellant's argument that her sentence of restitution was illegal simply because the district attorney failed to make a request for restitution at the time of sentencing.

¶ 2 It is true that 18 Pa.C.S.A. § 1106(c)(4)(i) states that the district attorney's office is responsible for making a recommendation to the court as to the amount of restitution that should be ordered. However, absent this recommendation, I do not believe that the sentence is "illegal" as Appellant would have us conclude. The purpose of this subsection of the statute, in my estimation, is to put the onus of recommending restitution upon the district attorney's office, as opposed to some other agency such as the probation department or a victim's advocacy group. Nowhere in the statute does a failure to make a recommendation result in an illegal sentence. If Appellant's argument were accurate, it would frustrate the overall purpose of 18 Pa.C.S.A. § 1106, which is to mandate the court to impose restitution so as to rehabilitate the offender "by impressing upon him that his criminal conduct caused the victim's personal injury and that it is his responsibility to repair the injury as far as possible." *Commonwealth v. Figueroa,* 456 Pa.Super. 620, 691 A.2d 487, 489 (1997).

¶ 3 In addition to frustrating the purpose of mandatory restitution, effectuating a requirement as suggested by Appellant would be largely impractical. A prime example of the lack of need of a district attorney to make a recommendation is present in the case *sub judice* where the amount of restitution is set by statute. Another example exists when a district justice conducts a summary trial. In many counties, a district attorney is not present at summary trials and a police officer prosecutes the case. Obviously, in such a scenario the absence of a district attorney does not impede the district justice from imposing restitution following a finding of guilt and would not result in the imposition of an illegal sentence.[4] So, while 18 Pa.C.S.A. § 1106 does designate

4. 18 Pa.C.S.A. § 1106(d), the limitations on district justices, does not negate this problem.

the district attorney's office as the proper office to recommend restitution, the lack of a recommendation does not automatically render the sentence illegal. The critical requirement from a due process standpoint is that the specific restitution amount is entered at the time of sentencing as part of the sentencing order so that the amount may be challenged if need be.