## Commonwealth v. Grady

*David Long, assistant public defender,* for defendant/appellant.

*James Goldsmith, assistant district attorney,* for Commonwealth/appellee.

BUCCI, *J.,* April 28, 2008—

## PROCEDURAL HISTORY

On December 15, 2006, appellant was convicted following a jury trial of robbery (two counts),[1] burglary,[2] resisting arrest,[3] and possession of a controlled substance (cocaine)[4] on docket number CP-06-CR-0003632-2005; robbery (two counts)[5] and simple assault[6] on docket number CP-06-CR-0003634-2005; and robbery[7] on docket number CP-06-CR-0004060-2005. He was sentenced on February 13, 2007 to life in prison without parole. On March 23, 2007, appellant filed a notice of appeal to the Pennsylvania Superior Court. By agreement of all the parties, the case was remanded for resentencing on November 20, 2007.

On January 24, 2008, appellant was resentenced to an aggregate sentence of 30 to 60 years incarceration.[8] Appellant filed timely post-sentence motions which were denied, and on March 5, 2008, he filed a notice of appeal to the Pennsylvania Superior Court. On March 12, 2008, this court ordered appellant to file a concise statement of errors complained of on appeal, pursuant to Pennsylvania Rules of Appellate Procedure 1925(b). Appellant

---

1. 18 Pa.C.S. §3701(a)(1)(ii) and 18 Pa.C.S. §3701(a)(1)(iv).
2. 18 Pa.C.S. §3502(a).
3. 18 Pa.C.S. §5104.
4. 35 P.S. §780-113(a)(16).
5. 18 Pa.C.S. §3701(a)(1)(ii) and 18 Pa.C.S. §3701(a)(1)(iv).
6. 18 Pa.C.S. §2701(a)(1).
7. 18 Pa.C.S. §3701(a)(1)(ii).
8. Appellant was sentenced as second strike offender pursuant to 42 Pa.C.S. §9714, which meant that he faced a mandatory minimum sentence of 10 years incarceration for each robbery conviction.

filed a concise statement on March 26, 2008, raising the following issues:

(1) The trial court abused its discretion by entering manifestly excessive and unreasonable sentences following the remand by the Superior Court, which had vacated the three concurrent life sentences entered pursuant to Pennsylvania's Three Strikes Statute in these matters, this court entered consecutive statutory maximum sentences for robbery, amounting to an aggregate 30-60 years.

(2) The factors enumerated in the Sentencing Code do not militate in favor of total confinement of the length imposed on this case.

(3) Insufficient reasons appear of record as to why this particular sentence was imposed, and the sentence imposed failed to adequately consider the Sentencing Code criteria.

(4) The court's sentencing discretion was not exercised in accordance with all the applicable statutory and decisional requirements.

(5) The trial court abused its discretion entering consecutive sentences, and thereby sentencing appellant to an aggregate term of incarceration of 30-60 years, which effectively is a life sentence, additionally the consecutive nature of the sentences apply all of the 956 days credit accrued thus far throughout the history of this matter to 3632-2005 only, and effectively adding even more time to the sentence.

(6) The trial court abused its discretion by sentencing appellant in violation of the spirit of the previous ruling

of the Superior Court in this matter which vacated the life sentences previously entered.

## STATEMENT OF FACTS

At issue at trial was appellant's involvement in three separate but similar robberies that took place within a few days of each other. The first robbery occurred on Saturday, June 11, 2005.[9] On that date, appellant robbed the Citi-Mart Convenience Store located at 1000 Chestnut Street, Reading, Berks County, Pennsylvania. He pointed a black handgun at the store manager, Prem Daryanani and demanded money from the cash register. Notes of Testimony, jury trial, 12/13/06, at 68-72. After appellant ordered another employee, Jose Ortiz, to lie down on the floor, Mr. Daryanani removed all the $20 bills from the cash register and gave them to appellant. N.T., jury trial, 12/13/06, at 72-74. Appellant fled with approximately $320. N.T., jury trial, 12/13/06, at 83. Mr. Daryanani recognized appellant as a regular customer and both Mr. Daryanani and Mr. Ortiz, were able to identify appellant in a police photo line-up four days after the robbery. N.T., jury trial, 12/13/06, at 69, 79-83, 107-12.

On Tuesday, June 14, 2005, appellant robbed Vasilia Vardaxis' second-hand clothing store located at 908 Penn Street, Reading, Berks County, Pennsylvania.[10] As Ms. Vardaxis was helping appellant locate a pair of jeans, he grabbed her neck and covered her mouth with his hand so that she couldn't scream. N.T., jury trial, 12/13/06, at

---

9. CP-06-CR-0004060-2005.
10. CP-06-CR-0003634-2005.

130. He threatened to kill her if she did not give him everything she had. N.T., jury trial, 12/13/06, at 130. Appellant then pushed Ms. Vardaxis to the floor and held her down until he could remove a small bag she wore around her waist to hold change when she was working in her store. N.T., jury trial, 12/13/06, at 133-34. As he was leaving he stepped on her, injuring her leg. N.T., jury trial, 12/13/06, at 133-34. Ms. Vardaxis estimated that appellant stole approximately $100 in change, as well as two gold chains worth approximately $50. N.T., jury trial, 12/13/06, at 134-35.

Ms. Vardaxis saw appellant's picture in the newspaper on June 16, 2005 and identified him as the person who robbed her. N.T., jury trial, 12/13/06, at 141-44.

Appellant was also identified by Cocheta Setalsingh, a customer in Ms. Vardaxis' store. Although Ms. Setalsingh did not witness the robbery, she was present in the store when appellant first entered and she identified appellant in a police photographic line-up. N.T., jury trial, 12/13/06, at 151-55.

The following day, June 15, 2005, appellant robbed Daniel's Restaurant, located at 944 Penn Street, Reading, Berks County, Pennsylvania.[11] Carl Newpher arrived at the store shortly before 7:30 a.m. to open it for the owner, Florin Hrezdac. N.T., jury trial, 12/14/06, at 174. After entering the store, he turned on a light and turned off the alarm. N.T., jury trial, 12/14/06, at 176. As he turned around, he saw appellant right behind him. N.T., jury trial, 12/14/06, at 176. Appellant informed Mr.

---

11. CP-06-CR-0003632-2005.

Newpher that he had a gun and demanded money. N.T., jury trial, 12/14/06, at 175-76. When Mr. Newpher tried to turn around, appellant struck him on the back of the head with a hard object, threw him on the floor, then pulled him up and pushed him behind the counter to the cash register. N.T., jury trial, 12/14/06, at 178-81. Appellant ordered Mr. Newpher to open the cash register. N.T., jury trial, 12/14/06, at 181-82.

Mr. Newpher opened the cash register and appellant took out the bills and the cash drawer. N.T., jury trial, 12/14/06, at 182. He escaped with approximately $240. N.T., jury trial, 12/14/06, at 222. However, he was apprehended by police a few blocks away at Seventh and Franklin Streets. N.T., jury trial, 12/14/06, at 238-39, 258-60. While appellant was being detained by police, he was identified by Mr. Newpher, as well as Mr. Hrezdac, who identified appellant after viewing a video surveillance tape from his store. N.T., jury trial, 12/14/06, at 196-97, 217-22. Following these positive identifications, Reading Police officers attempted to place appellant under arrest, but he tried to run. N.T., jury trial, 12/14/06, at 245, 261-62. It took three police officers to restrain him. N.T., jury trial, 12/14/06, at 245, 261-62.

Mr. Newpher was treated at St. Joseph's Hospital. He needed five stitches to the back of his head and he suffered a serious contusion to his hip. N.T., jury trial, 12/14/06, at 181, 189. He was unable to walk, even with a cane, for two weeks after the incident, and he needed a cane to walk for another month. N.T., jury trial, 12/14/06, at 189.

## DISCUSSION

All of appellant's issues challenge his sentence.

An appellant has no absolute right to appellate review of his sentence. 42 Pa.C.S. §9781; *Commonwealth v. Mouzon,* 571 Pa. 419, 812 A.2d 617 (2002). Rather, the appellant may have his sentence reviewed on appeal only if the Superior Court determines that "there is a substantial question that [this] sentence . . . is not appropriate under the sentencing code." *Commonwealth v. Bromley,* 862 A.2d 598, 604 (Pa. Super. 2004), *appeal denied,* 584 Pa. 684, 881 A.2d 818 (2005), *cert. denied, Bromley v. Pennsylvania,* 126 S.Ct. 1089 (U.S. 2006); *Commonwealth v. Mouzon,* 571 Pa. 419, 425, 812 A.2d 617, 621 (2002).

For a substantial question to exist, appellant must state reasons that create doubt that this court sentenced appellant without appropriately considering the sentencing guidelines or the norms underlying the sentencing process. *Commonwealth v. Mouzon,* 571 Pa. 419, 434, 812 A.2d 617, 627 (2002); see also, *Commonwealth v. Koehler,* 558 Pa. 334, 737 A.2d 225 (1999).

If a sentence is within the statutory guidelines, a substantial question can be raised as to excessiveness only if the sentence is *"so manifestly excessive as to constitute too severe a punishment." Commonwealth v. Mouzon,* 571 Pa. 419, 431, 812 A.2d 617, 624 (2002). (emphasis in original) Similarly, a substantial question is generally not presented by challenges to consecutive sentences or by claims that the trial court improperly discounted mitigating factors. *Commonwealth v. Johnson,* 873 A.2d 704, 709 n.2 (Pa. Super. 2005); *Commonwealth v. Lopez,*

426 Pa. Super. 625, 630, 627 A.2d 1229, 1231-32 (1993). Given these standards, many of appellant's claims fail to raise a substantial question for review.

However, even if the appellate court finds a substantial question has been raised, the standard for review is well-settled. A sentence will not be overturned unless the record shows a manifest abuse of discretion, which is more than mere error in judgment. *Commonwealth v. Redman,* 864 A.2d 566, 569 (Pa. Super. 2004), *appeal denied,* 583 Pa. 661, 875 A.2d 1074 (2005), citing *Commonwealth v. Cunningham,* 805 A.2d 566 (Pa. Super. 2002). A manifest abuse of discretion may be found only where the record establishes that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias, or ill will, or arrived at a manifestly unreasonable decision. *Commonwealth v. Rodda,* 723 A.2d 212, 214 (Pa. Super. 1999).

This rule of deference applies even where a sentence exceeds the sentencing guidelines, as long as the sentence is within the statutory limits and the court states valid grounds for the sentence. See *e.g., Commonwealth v. Martin,* 416 Pa. Super. 507, 611 A.2d 731 (1992) (ratifying a trial court's upward departure from the "advisory" sentencing guidelines).

The decision of the sentencing judge should be given great deference since he is in the best position to view the defendant and evaluate the individual circumstances of the case. See *Commonwealth v. Walls,* 592 Pa. 557, 926 A.2d 957 (2007). A sentence should not be disturbed where it is evident that the sentencing court was aware

of sentencing considerations and weighed the considerations in a meaningful fashion. *Commonwealth v. Devers,* 519 Pa. 88, 546 A.2d 12 (1988). Here, this court did just that.

At the time of sentencing, the sentencing guidelines were placed on the record in accordance with 42 Pa.C.S. §9721(d), and, contrary to appellant's contentions, this court placed its reasons for its sentence on the record. In addition, this court incorporated by reference the testimony of the original sentencing hearing. This court carefully considered the applicable mandatory minimum sentences; appellant's age and prior record; the serious nature of the crimes; the impact on the victims; the need to protect the community and deter similar future conduct; the recommendation of the district attorney; appellant's personal characteristics and potential to rehabilitate; and appellant's statements.

As is noted on the record, this court read appellant's pre-sentence investigation report and was aware of appellant's individual rehabilitative needs and mitigating circumstances. However, appellant committed not one, but three violent robberies within a week, terrorizing his elderly victims. Furthermore, appellant is a repeat violent offender who has failed to take advantage of previous opportunities to rehabilitate and who has failed to take responsibility for his actions. Accordingly, this court concluded that appellant was a poor candidate for rehabilitation and that he posed a continuing danger to the public.

Considering the gravity of the offenses, the impact on the victims, and the need to protect the community

from additional victimization, this court's decision to impose consecutive sentences is neither unreasonable nor an abuse of discretion. Therefore, appellant's claims that his sentence is manifestly excessive must be denied.

 Additionally, Appellant's claim that this court did not properly consider the factors enumerated in the Sentencing Code, as well as other applicable statutory and decisional requirements is without any merit. As discussed above, this court considered numerous factors enumerated in the Sentencing Code to justify the lengthy sentence including the appellant's danger to the public and the serious nature of the offenses. See 42 Pa.C.S. §9725.

Finally, appellant claims that this court violated "the spirit of the previous ruling of the Superior Court in this matter." The Superior Court's order remanding this case merely states:

"Upon consideration of the joint application to remand filed by appellant and appellee, the Commonwealth, on September 4, 2007, the application is hereby granted, the sentences imposed February 13, 2007 are hereby vacated, and the case is remanded for resentencing in accordance with applicable case law. Jurisdiction is relinquished." Order, Pennsylvania Superior Court, 11/20/07.

This court did resentence appellant in accordance with applicable case law and for all the reasons discussed above, did not err in doing so.

## CONCLUSION

This court respectfully submits that appellant's assignments of error should be denied and his judgment of sentence affirmed.