J-S05036-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JORDAN CROCKETT | |
| Appellant | No. 1159 WDA 2014 |

Appeal from the Order entered July 3, 2014
In the Court of Common Pleas of Erie County
Criminal Division at No: CP-25-CR-0000551-2014

BEFORE:  DONOHUE, SHOGAN, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED MAY 28, 2015**

Appellant Jordan Crockett appeals from the July 3, 2014 order of the Court of Common Pleas of Erie County (trial court),[1] granting the Commonwealth's request for modification of restitution imposed from $7,000.00 to $5,180.00.  Upon review, we vacate the order and remand the matter to the trial court for resentencing.

The facts and procedural history underlying this case are uncontested. Briefly, on April 24, 2014, Appellant pled guilty to simple assault by mutual

_____

[1] Appellant also appeals from the judgment of sentence entered by the trial court on June 17, 2014.  The issues on this appeal, however, relate only to the trial court's July 3, 2014 order modifying the amount of restitution imposed.  Accordingly, we have changed the caption to reflect only the July 3, 2014 order.

consent[2] in connection with punching a 17-year-old victim in the mouth, thereby "knocking [out] one of the victim's teeth and requiring surgery to remove additional teeth." N.T. Plea, 4/24/14, at 9. On June 17, 2014, the trial court sentenced Appellant to five to twelve months' imprisonment and ordered restitution in the amount of $7,000.00, "subject to verification" by the Commonwealth within ten days.[3] N.T. Sentencing, 6/17/14, at 14-17. Also, at the time of sentencing, Appellant's counsel requested a restitution hearing, which the trial court denied. *See id.* at 16-17.

By a letter dated July 3, 2014, the Commonwealth provided documentation in support of the restitution to be imposed. Specifically, the Commonwealth provided an invoice from Oral Surgery of Erie (OSE) for a "limited oral evaluation" in the amount of $80.00, and treatment plan from OSE for a list of dental procedures for $5,100.00. *See* Commonwealth's Letter, 7/3/14. The OSE treatment plan also contained the following language: "**Please note this is only an estimate of fees.** Today's visit is a separate procedure and charge, **NOT INCLUDED** with this treatment plan." *Id.* (emphasis in original). Based on the Commonwealth's letter, the

_____

[2] 18 Pa.C.S.A. § 2701(a)(1).

[3] Victim's father submitted a claim form indicating that "insurance will not cover the cost of $7,000.00 for perminent [sic] teeth put in by dentist." Restitution Claim Form, 5/12/13.

trial court on the same day issued an order, modifying the amount of restitution from $7,000.00 to $5,180.00.  ***See*** Trial Court Order, 7/3/14.

By a letter dated July 3, 2014, Appellant lodged another request with the trial court to hold a restitution hearing.  In support of his request, Appellant argued, *inter alia*:

> the documentation provided by the Commonwealth is lacking in that:
>
> - It clearly states that the figure requested is only an "estimate;"
>
> - It appears that the surgery has not occurred yet and that the fees may depart from the estimate (upwardly or downwardly)[.]

Appellant's Letter, 7/3/14.  Appellant, alternatively, asked the trial court to require the Commonwealth to provide additional documentation in the event the trial court declined to hold a restitution hearing.  ***See id.***  By a letter dated the same day, the trial court denied Appellant's request for a restitution hearing.  Trial Court Letter, 7/7/14.  On July 17, 2014, Appellant timely appealed to this Court.  Following Appellant's filing of a Pa.R.A.P. 1925(b) statement of errors complained of on appeal, the trial court issued a Pa.R.A.P. 1925(a) opinion.

On appeal, Appellant raises a single issue for our review, namely, "[w]hether the trial court erred when it failed to state its reasons and conclusions as a matter of record for speculative sum contained in the

restitution order."[4]  Appellant's Brief at 4.  Appellant essentially challenges the modified restitution amount of $5,180.00 imposed by the trial court on the theory that the court erred in failing to meet the requirements of 18 Pa.C.S.A. § 1106(c)(3).[5]  We agree.

The Crimes Code provides restitution may be altered or amended at any time provided that the court gives its **reasons and conclusions for any change on the record**.[6]  ***See*** 18 Pa.C.S.A. § 1106(c)(3); ***see also Commonwealth v. Dietrich***, 970 A.2d 1131, 1135 (Pa. 2009) (noting "a sentencing court may modify restitution orders at any time if the court states its reasons as a matter of record").  The Supreme Court in ***Dietrich*** applied Section 1106(c)(3) and concluded that the trial court erred in failing to give its reasons for modification of restitution on the record.  ***Id.***  As a

---

[4] Because such an argument relates to the legality of sentence, our standard of review is be *de novo* and our scope of review is plenary.  ***See Commonwealth v. Gentry***, 101 A.3d 813, 817 (Pa. Super. 2014).

[5] Appellant does not challenge the amount of restitution ordered at sentencing in this appeal.

[6] Section 1106(C), relating to mandatory restitution, provides in pertinent part:

> (3) The court may, at any time or upon the recommendation of the district attorney that is based on information received from the victim . . . alter or amend any order of restitution made pursuant to paragraph (2), provided, however, that the court states its reasons and conclusions as a matter of record for any change or amendment to any previous order.

18 Pa.C.S.A. § 1106(c)(3).

result, the Court vacated the restitution order and remanded the matter to the trial court for resentencing. *Id.*

Instantly, the record plainly reveals the trial court, like the trial court in *Dietrich*, failed to provide on the record its reasons for modifying the amount of restitution imposed from $7,000.00 to $5,180.00. Accordingly, under *Dietrich*, we must vacate the July 3, 2014 order and remand this case to the trial court for resentencing. On remand, the trial court is directed to provide its reasons for modification on the record.

Appellant also argues the modified amount of restitution is speculative and not supported by the record. As directed, the Commonwealth provided an evaluation invoice ($80.00) and an estimate for a treatment plan by OSE ($5,100.00) for a total of $5,180.00 to the trial court after sentencing.[7] Even though we vacate the trial court's modified restitution order and remand for resentencing, we shall address this last contention by Appellant, as this argument may affect the remand proceedings.

Since restitution is a sentence, the amount ordered must be supported by the record and may not be speculative or excessive. *Commonwealth v. Dohner*, 725 A.2d 822 (Pa. Super. 1999). The Commonwealth's

_____

[7] A sentencing court may rely upon hearsay so long as the evidence possesses sufficient indicia of reliability. *See Commonwealth v. Medley*, 725 A.2d 1225, 1230 (Pa. Super. 1999), *appeal denied*, 749 A.2d 468 (Pa. 2000).

documentation attached to the trial court's order in support of modified restitution, if entered into the record, together with the trial court's reasons for modification, could suffice to support an order for modified restitution.[8] All that is required is that the record support the restitution ordered. Here, we observe because this case involves ongoing medical expenses with respect to the victim's dental repairs, it was impossible for the trial court to determine accurately the full restitution amount at sentencing. In fact, even though a more accurate amount appeared to be capable of determination after sentencing, it appeared the trial court still only was presented with an estimate of the full cost for restitution to cover the victim's dental repairs. This is not always avoidable. As noted by our Supreme Court in *Dietrich*, there is tension between having finality in restitution at sentencing and to have a sentence imposed within 90 days as required under our Rules of Criminal Procedure. *Dietrich*, 970 A.2d at 1134. Nonetheless, our Rules of Criminal Procedure allow a trial court to order restitution at sentencing under these constraints, so long as the trial court states the basis for determining

_____

[8] An allegation that the restitution order is unsupported by the record is a challenge to the legality, rather than to the discretionary aspects of a sentence. *Commonwealth v. Atanasio*, 997 A.2d 1181, 1182-83 (Pa. Super. 2010) (citing *Commonwealth v. Redman*, 864 A.2d 566, 569 (Pa. Super. 2004)). As we noted earlier, the determination as to whether the trial court imposed an illegal sentence is a question of law and as such, our standard of review is plenary. *Id.*

the amount at sentencing.[9]  *Id.*  The ability to order restitution in this manner works in tandem with 1106(c)(3) which provides sentencing courts broad authority to amend restitution orders at any time, if it reasons for doing so are a matter of record.  *Id.*

In this case, we do not deem reliance by the trial court upon the most current estimate for dental repairs to modify restitution to be speculative.  This best estimate may very well provide an appropriate basis for ordering modified restitution.  Upon remand, it will be up to the trial court to place on the record the nature of the evidence relied upon to modify restitution and its reasons for doing so.

Order vacated.  Case remanded.  Jurisdiction relinquished.

Judge Donohue joins the memorandum.

Judge Shogan concurs in the result.

_____

[9] We recognize this observation in *Dietrich* was with regard to information known at the time of sentencing and not when a restitution order is sought to be modified.  We discern no reason why this same logic cannot be applied to modification proceedings when the amount of restitution can be further refined, especially when Section 1106(c)(3) permits a court to modify restitution at any time.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/28/2015