J-A03002-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
WILLIAM COATES, III :
:
Appellant : No. 1895 WDA 2017

Appeal from the Judgment of Sentence December 1, 2017
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0012614-2013

BEFORE: BOWES, J., SHOGAN, J., and STRASSBURGER*, J.

MEMORANDUM BY BOWES, J.: FILED JUNE 11, 2019

William Coates, III, appeals from the aggregate judgment of sentence

of ten and one-half to twenty-one years of incarceration imposed following

his convictions for various sex crimes. The trial court found Appellant to be

a sexually violent predator ("SVP") at the sentencing hearing. We vacate

Appellant's SVP designation, remand for correction of the guideline sentence

form, and affirm his judgment of sentence in all other respects.

The evidence presented at trial established that, starting when C.L.[1]

was eight or nine years old, Appellant began touching her breasts and

_____

[1] In this Commonwealth, we protect the identify of minor victims of sexual
abuse by using only their initials in all court filings, including briefs, exhibits,
and court opinions. See 42 Pa.C.S. § 5988(a) ("[I]n a prosecution involving
a minor victim of sexual or physical abuse, the name of the minor victim shall

_____

* Retired Senior Judge assigned to the Superior Court.

buttocks on a daily basis. The touching progressed to Appellant showing C.L. his penis, having her touch his penis, and eventually ejaculating into her hands. C.L. additionally testified that, on one occasion, Appellant forced her to perform oral sex on him, and on another he climbed on top of her and attempted to have sex with her, but he stopped when she screamed for her mother. The abuse continued until C.L. was fourteen years old.

Appellant was arrested and charged with involuntary deviate sexual intercourse ("IDSI"), criminal solicitation, criminal attempt, unlawful contact with a minor, sexual assault, endangering the welfare of a child ("EWOC"), indecent exposure (victim less than sixteen years of age), corruption of minors, indecent assault (victim less than thirteen years of age), and indecent assault. Following a jury trial, Appellant was convicted of unlawful contact with a minor, EWOC, indecent exposure (victim less than sixteen years of age), corruption of minors, and both counts of indecent assault. On January 13, 2015, the trial court determined Appellant to be an SVP, and sentenced

_____

not be disclosed by officers or employees of the court to the public, and any records revealing the name of the minor victim shall not be open to public inspection"). Here, C.L. was a minor at the time of the alleged sexual abuse, and was seventeen at the time of trial. Thus, the use of her full name is prohibited by statute. Nevertheless, the Appellant, the Commonwealth, and the trial court refer to C.L. by her full name. We express our extreme disapproval of the collective failure to conform to section 5988(a). While C.L. is now twenty-one years old, section 5988(a) applies to a prosecution involving a minor victim regardless of the date of the commencement of the prosecution. See id. at (a.1).

him to consecutive prison terms of three and one-half to seven years for unlawful contact, two and one-half to five years for EWOC, two and one-half to five years for indecent exposure (victim less than sixteen years of age), and two to four years for indecent assault (victim less than thirteen years of age), for an aggregate sentence of ten and one-half to twenty-one years of incarceration. No further penalty was imposed on the remaining convictions. All of the sentences fell within or above the aggravated range of the sentencing guidelines. This Court affirmed the judgment of sentence. See Commonwealth v. Coates, 158 A.3d 190 (Pa.Super. 2016) (unpublished memorandum). However, in doing so, this Court ruled that all issues raised in the appeal had been waived due to counsel's failure to file a post-sentence motion. See id.

On October 26, 2016, Appellant filed a timely pro se petition pursuant to the Post Conviction Relief Act ("PCRA"). The PCRA court appointed counsel, who filed an amended petition seeking reinstatement of Appellant's post-sentence motion rights nunc pro tunc. The PCRA court granted the requested relief and Appellant filed post-sentence motions, which the trial court denied. Appellant filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Thereafter, the trial court issued its Pa.R.A.P. 1925(a) opinion.

Appellant raises the following issues for our review:

> I. Was the guilty verdict against the weight of the evidence presented in that the jury's split verdict indicated that it

found [C.L.] to be incredible; as [her] testimony was the only evidence presented against [Appellant], should the guilty verdict have shocked the conscience of the court such that a new trial is required?

II.    Was the sentence imposed manifestly excessive and an abuse of the sentencing court's discretion in that:

[a] Three of the four sentences received were for the maximum penalty, and all were ordered to be served consecutively;

[b] Three sentences were above the aggravated range in the sentencing guidelines, the remaining sentence was in the aggravated range, yet the only recognition by the sentencing court of these facts was a single throw away comment that the aggregate sentence was "way outside" of the guidelines; and

[c] The court focused almost exclusively on the gravity of the offense and the impact on the victim, and ignored any reference to [Appellant's] rehabilitative needs?

Appellant's brief at 7 (issues reordered for ease of disposition).

In his first issue, Appellant challenges the weight of the evidence supporting his convictions. The following legal principles apply when such a challenge is presented to the trial court:

A motion for new trial on the grounds that the verdict is contrary to the weight of the evidence, concedes that there is sufficient evidence to sustain the verdict. Thus, the trial court is under no obligation to view the evidence in the light most favorable to the verdict winner. An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. A trial judge must do more than reassess the credibility of the witnesses and allege that he would not have assented to the verdict if he were a juror. Trial judges, in reviewing a claim that the verdict is against the weight of the evidence do not sit as the thirteenth

- 4 -

juror. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.

Commonwealth v. Widmer, 744 A.2d 745, 751-52 (Pa. 2000) (citations, footnotes, and quotation marks omitted).

An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard applied by the trial court:

Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

Commonwealth v. Clay, 64 A.3d 1049, 1054-55 (Pa. 2013) (emphasis in original, citations omitted).

Appellant contends that C.L.'s preliminary hearing testimony was, in some respects, inconsistent with her trial testimony, and that those deviations raised questions as to (1) whether Appellant verbalized anything to C.L. when he first started to grab her breasts and buttocks; (2) whether Appellant touched any part of C.L.'s body when he ejaculated onto her hands; (3) whether oral sex occurred more than once; (4) whether Appellant ejaculated in C.L.'s mouth; and (5) whether the rape occurred in C.L.'s

bedroom or her mother's bedroom. Appellant's brief at 37. Appellant also contends that other questions remain, such as why C.L.'s brother, who lived in the same house, denied knowledge of the sexual abuse; why C.L. did not come forward with the allegations immediately after leaving the home; and whether her impetus for reporting the abuse was based on her mother's impending marriage to Appellant. Id. at 37-38.

Appellant maintains that, due to these inconsistencies and questions, it was impossible to conclude beyond a reasonable doubt that he committed the crimes of which he was convicted. He argues that, based on the number of inconsistencies in C.L.'s testimony, the evidence was so unreliable and contradictory that the verdict was based on pure conjecture. According to Appellant, the fact that the jury acquitted him of IDSI demonstrates that the jury found C.L. to be incredible, such that the guilty verdicts should shock the conscience and warrant a new trial.

At Appellant's trial, the jury was the ultimate fact-finder and the sole arbiter of the credibility of each of the witnesses, including C.L. Commonwealth v. Jacoby, 170 A.3d 1065, 1080-81 (Pa. 2017). "Issues of witness credibility include questions of inconsistent testimony and improper motive." Commonwealth v. Sanchez, 36 A.3d 24, 27 (Pa. 2011) (citation omitted). A jury is entitled to resolve any inconsistencies in the Commonwealth's evidence in the manner that it sees fit. See Commonwealth v. Rivera, 983 A.2d 1211, 1220 (Pa. 2009) (stating that

"the trier of fact, in passing upon the credibility of witnesses, is free to believe all, part, or none of the evidence") (citation omitted). Inconsistencies in eyewitness testimony are not sufficient to warrant a new trial on grounds that the verdict was against the weight of the evidence. Jacoby, supra at 1081; see also Commonwealth v. Sanchez, 36 A.3d 24, 39 (Pa. 2011) (holding that the trial judge may not grant relief based merely on "some conflict in testimony"). Although Appellant has highlighted various inconsistencies between C.L.'s preliminary hearing testimony and her trial testimony, the jury was permitted to resolve such inconsistencies in the Commonwealth's favor.

> As the trial court observed,
>
> The jury's decision to convict [Appellant] of some charges and not others does not mean that [C.L.]'s testimony was so unbelievable that it should have resulted in a complete acquittal. After reviewing the record and the evidence . . . it cannot be said under any analysis that the testimony presented at trial was so unreliable and/or contradictory as to make the verdict based thereon pure conjecture. A review of the evidence as a whole clearly demonstrates [Appellant's] perpetration of the crimes.

Trial Court Opinion, 7/9/18, at 4-5 (citations and quotation marks omitted). Assessing all of the evidence according to the governing principles cited above, we simply cannot conclude that the trial court abused its discretion when it determined that the jury's verdict did not shock its sense of justice. Consequently, Appellant's weight challenge necessarily fails.

In his second issue, Appellant presents a challenge to the discretionary aspects of his sentence. "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right."

Commonwealth v. Moury, 992 A.2d 162, 170 (Pa.Super. 2010). Prior to reaching the merits of a discretionary sentencing issue, this Court conducts

> a four[-]part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, [see] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [see] 42 Pa.C.S. § 9781(b).

Id. at 170 (citation omitted). When an appellant challenges the discretionary aspects of his sentence, we must consider his brief on this issue as a petition for permission to appeal. Commonwealth v. Yanoff, 690 A.2d 260, 267 (Pa.Super. 1997); see also Commonwealth v. Tuladziecki, 522 A.2d 17, 18 (Pa. 1987); 42 Pa.C.S. § 9781(b).

In the instant case, Appellant filed a timely notice of appeal, preserved his claims in a timely post-sentence motion, and included in his appellate brief a separate Rule 2119(f) statement. As such, he is in technical compliance with the requirements to challenge the discretionary aspects of his sentence. See Commonwealth v. Rhoades, 8 A.3d 912, 916 (Pa.Super. 2010). Thus, we will proceed to determine whether Appellant has presented a substantial question for our review.

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. Commonwealth v. Antidormi, 84 A.3d 736, 759 (Pa.Super. 2014). A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions

were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process. Id.

In his Rule 2119(f) statement, Appellant maintains that the three sentences that exceeded the aggravated range of the sentencing guidelines, as well as the sentence imposed in the aggravated range of the guidelines, are unreasonable, manifestly excessive, and an abuse of discretion because the trial court failed to consider all factors under 42 Pa.C.S. § 9721(b) prior to imposing sentence. He additionally argues that the trial court failed to state on the record adequate reasons for imposing his sentence. Finally, Appellant claims that the guideline sentence form incorrectly indicates that each of the sentences imposed was in the standard range of the sentencing guidelines when, in fact, they were all in or above the aggravated range.

A claim that the trial court failed to offer specific reasons for the sentence that comport with the considerations required in § 9721(b) raises a substantial question of the court's justification in extending sentences to the statutory maximum. Commonwealth v. Culverson, 34 A.3d 135, 143 (Pa.Super. 2011). Additionally, a claim that the sentencing court imposed a sentence outside the standard sentencing guidelines without stating adequate reasons on the record presents a substantial question. See Antidormi, supra at 759. A substantial question may also be raised where a clerical error was made in the transcription of the trial court's oral sentencing order.

Commonwealth v. Redman, 864 A.2d 566, 570 (Pa.Super. 2004). Appellant has therefore raised a substantial question.

Accordingly, we proceed to review the merits of Appellant's claim, mindful of the following standard of review.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.
>     . . . .
>
> When imposing sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation.

Antidormi, supra at 760-61 (quotation marks and citations omitted).

The Sentencing Code sets forth the considerations a sentencing court must take into account when formulating a sentence, providing that "the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). Additionally, in every case where a sentencing court imposes a sentence outside of the sentencing guidelines, the court must provide, in open court, a contemporaneous statement of reasons in support of its sentence. Id. When doing so,

> a [sentencing] judge … [must] demonstrate on the record, as a proper starting point, its awareness of the sentencing guidelines. Having done so, the sentencing court may deviate from the guidelines, if necessary, to fashion a sentence which takes into account the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offense as it relates to the impact on the life of the victim and the community, so long as it also states of record the factual basis and specific reasons which compelled it to deviate from the guideline range.

Commonwealth v. Bowen, 55 A.3d 1254, 1264 (Pa.Super. 2012) (cleaned up). The court need not recite the numeric range of sentences within the guidelines so long as the record demonstrates the court's recognition of the applicable sentencing range and the deviation of the sentence from that range. Commonwealth v. Rodda, 723 A.2d 212, 213 (Pa.Super. 1999) (en banc). Further, "[a] sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." Commonwealth v. Rush, 162 A.3d 530, 544 (Pa.Super. 2017); see also Commonwealth v. Hunzer, 868 A.2d 498, 514 (Pa. 2007) ("[A] sentencing judge may satisfy requirement of disclosure on the record of his reasons for imposition of a particular sentence without providing a detailed, highly technical statement.").

Appellant claims that the trial court abused its discretion in imposing the statutory maximum sentence allowable for unlawful contact with a minor, EWOC, and indecent exposure (victim less than 16 years of age). He claims

- 11 -

that when "the statutory maximum sentence is automatically imposed, just because it is not illegal to do so, the sentence is irrational and/or not guided by the sound judgment of the sentencing court." Appellant's brief at 27. Appellant argues that the maximum sentences, ordered to be served consecutively, were unreasonable and "imposed by a court with an intense focus on the impact of the crime on the victim to the exclusion of any other sentencing factors." Id. at 29. Noting that he was fifty-one years old at the time of sentencing and will be under supervision for twenty-one years, Appellant asserts that "[t]he focus on implementing supervision of [Appellant] for as long as legally possible does not demonstrate any sort of individualized sentence." Id. He argues that "[i]mposing consecutive, statutory maximum terms of incarceration implies retribution by the sentencing court, a kind of knee-jerk reaction, rather than a reasoned consideration of all necessary sentencing factors." Id. With respect to the sentence of two to four years of imprisonment imposed consecutively for indecent assault (victim under thirteen years of age), Appellant contends that the sentence was "clearly unreasonable" because it falls within the aggravated range of the sentencing guidelines, and ensures that Appellant will be under court supervision until age seventy-two. Id. at 29-30.

Appellant further claims that, during the sentencing hearing, the trial court did not indicate the guideline ranges applicable to his convictions, or inquire into his rehabilitative needs or the impact his incarceration would have

on his family. Instead, Appellant argues, the trial court "referenced only . . . reading and considering a pre-sentence [investigation] report, the fact that a child that has been sexually abused for six years will develop problems, [Appellant] didn't know how old his [ten] children were, the crime's [sic] impact on the victim, Appellant violated a position of trust, had three prior convictions[,] and did not do well on supervision." Id. at 31; see also id. at 33-34.

Importantly, the sentencing court had the benefit of a pre-sentence investigation report ("PSI"). It is well-settled that where a sentencing court is informed by a PSI, "it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." Commonwealth v. Ventura, 975 A.2d 1128, 1135 (Pa.Super. 2009) (citing Commonwealth v. Devers, 546 A.2d 12, 18 (Pa. 1988)). In discussing Devers, this Court in Ventura explained as follows:

> In imposing sentence, the trial court is required to consider the particular circumstances of the offense and the character of the defendant. The trial court should refer to the defendant's prior criminal record, age, personal characteristics, and potential for rehabilitation. However, where the sentencing judge had the benefit of a [PSI], it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. Additionally, the sentencing court must state its reasons for the sentence on the record. The sentencing judge can satisfy the requirement that reasons for imposing sentence be placed on the record by indicating that he or she has been informed by the [PSI]; thus properly considering and weighing all relevant factors.

Ventura, supra at 1135 (citation omitted).

Here, the trial court indicated on the record the reasons for imposing sentence, as follows:

> I'm sentencing you for the following reasons:  One, is the impact on the victim is unimaginable.  This was a little girl that was eight years old that you abused until the time that she was 14.  She went to the only person other than you [that] she trusted[,] who was her mother[,] and her mother did not believe her and, therefore, she ran away, whether she ran away from her aunt's home or whether she ran away and was in a homeless shelter.  You are a person to whom she looked up to, a person . . . whom she should have been able to trust.  You violated that position of trust.  You do have three prior convictions which are non-sexual[;] however[,] you have never done well on supervision.  . . .  So, I do not feel that you are a candidate for [c]ounty supervision.

N.T. Sentencing, 1/13/15, at 28-29.  The court additionally indicated its understanding that the sentences imposed were "way outside" the guidelines. Id. at 31.  Because the sentencing court in the instant case had "ordered, read and considered" Appellant's PSI, see N.T. Sentencing, 1/13/15, at 3, it is presumed that the court considered his rehabilitative needs, as well as any mitigating factors that he may have presented.  See id.; see also Commonwealth v. Fowler, 893 A.2d 758, 766 (Pa.Super. 2006) (rejecting the appellant's claim that the sentencing court had abused its discretion by imposing sentence without stating adequate reasons on the record, and holding that "[s]ince the sentencing court had and considered a [PSI], this fact alone was adequate to support the sentence").  Additionally, the transcript of the sentencing hearing demonstrates that the sentencing court

thoroughly considered the totality of requirements mandated by Pennsylvania law.  As we discern no abuse of discretion by the sentencing court in imposing sentences at the statutory maximum and in the aggravated-range of the sentencing guidelines, no relief is due on Appellant's second claim.

We next address Appellant's claim that the guideline sentence form incorrectly indicates that each of the four sentences imposed fall within the standard range of the guidelines when, in fact, they fall in or above the aggravated range.[2]  A sentencing order is subject to later correction when a trial court's intentions are clearly and unambiguously declared during the sentencing hearing, such that a "clear clerical error" appears on the face of the record.  See Commonwealth v. Borrin, 12 A.3d 455, 473 (Pa.Super. 2011).  Here, the trial court's intentions are clear from the notes of testimony. See N.T. Sentencing, 1/13/15, at 29-32.  Additionally, the sentencing order accurately reflects the sentence imposed.  See Order of Sentence, 1/13/15, at 1-2.  However, the guideline sentence form, which is electronically transmitted to the Pennsylvania Commission on Sentencing, is incorrect insofar as a box on it is checked to indicate that Appellant's sentences fall within the standard range of the guidelines.[3]  See 204 Pa. Code § 303.1(e)(1)

_____

[2] Although Appellant does not enumerate this issue in his statement of questions involved, it is subsumed into Appellant's larger discretionary aspect of sentencing claim.

[3] Elsewhere, the guideline sentence form correctly indicates the sentences imposed, as well as the applicable guideline ranges, in a manner which make

("The completed Guideline Sentence Form shall be made a part of the record and the information electronically submitted to the Commission via SGS Web no later than 30 days after the date of sentencing."). This clerical error in no way affects Appellant's judgment of sentence, nor does it afford him any relief. Nevertheless, we remand for the sentencing court to correct the guideline sentence form to accurately reflect that Appellant's sentences fall in and above the aggravated range of the sentencing guidelines.

However, Appellant is entitled to relief on his SVP designation. By order dated January 13, 2015, the trial court found Appellant to be an SVP by clear and convincing evidence pursuant to 42 Pa.C.S. § 9799.24(e)(3) of the Sexual Offender Registration and Notification Act ("SORNA"). On October 31, 2017, this Court held "that section 9799.24(e)(3) of SORNA violates the federal and state constitutions because it increases the criminal penalty to which a defendant is exposed without the chosen fact-finder making the necessary factual findings beyond a reasonable doubt." Commonwealth v. Butler, 173 A.3d 1212, 1218 (Pa.Super. 2017), appeal granted, 190 A.3d 581 (Pa. 2018). "Since Butler finds that this issue pertains to the legality of the sentence, . . . we may reach [the issue] sua sponte." Commonwealth v. Tighe, 184 A.3d 560, 583 (Pa.Super. 2018), appeal granted, 195 A.3d 850 (Pa. 2018). As such, we vacate the order designating Appellant as an

_____

it clear that the sentences imposed fall in or above the aggravated guideline range.

SVP. However, we need not remand for the issuance of new notice of his registration requirements; "[s]ince Appellant was convicted of a Tier III offense, he is still required to register for life." Id.

SVP designation vacated. Case remanded for correction of sentencing order. Judgment of sentence affirmed in all other respects. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/11/2019