J-S33023-19 & J-S33024-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES ROBERT OSTER, JR. | : | |
| | : | |
| Appellant | : | No. 206 MDA 2019 |

Appeal from the Judgment of Sentence Entered January 9, 2019
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s):  CP-36-CR-0007017-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES R. OSTER | : | |
| | : | |
| Appellant | : | No. 207 MDA 2019 |

Appeal from the Judgment of Sentence Entered January 9, 2019
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s):  CP-36-CR-0003944-2018

BEFORE:  LAZARUS, J., OTT, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OTT, J.:                    **FILED AUGUST 07, 2019**

In these related cases,[1] James R. Oster appeals from the judgment of

sentence imposed on January 9, 2019, in the Court of Common Pleas of

---

[1] The cases are related because they concern the same facts, the same appellant, and raise the same issues.  We note that the trial court issued a single opinion on both cases and the parties filed identical briefs.  Therefore, we will dispose of these matters in one decision.

Lancaster County. This follows his negotiated guilty pleas at case no. CP-36-CR-0007017-2018 to two counts of possession with intent to deliver a controlled substance, one count of conspiracy, and one count of criminal use of a communications facility,[2] and at case no. CP-36-CR-0003944-2018 to one count each of terroristic threats, simple assault, and disorderly conduct.[3] That same day, in accordance with the terms of the plea agreement, the trial court sentenced Oster to an aggregate term of fifteen to forty-eight months' imprisonment. The instant, timely appeals followed.[4] Appointed counsel has filed an *Anders* brief along with a motion to withdraw as counsel in both cases. After a thorough review of the submissions by the parties, relevant law, and the certified record, we affirm and grant counsel's petition to withdraw.[5]

---

[2] 35 P.S. § 780-113(a)(30), 18 Pa.C.S.A. §§ 903 and 7512, respectively.

[3] 18 Pa.C.S.A. §§ 2706(a)(1), 2701(a)(3), 5503(a)(1).

[4] Of relevance to this appeal, we note that Oster did not file a post-sentence motion. In response to the trial court's order, Oster filed timely concise statements of errors complained of on appeal. Subsequently, the trial court issued an opinion.

[5] By order of June 19, 2019, this Court directed counsel to file either a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967) and *Commonwealth v. Santiago*, 978 A.2d 349, 351 (Pa. 2009) accompanied by a petition to withdraw, or a merits brief. Counsel complied with our order and filed a petition to withdraw and an *Anders* brief on July 2, 2019. The Commonwealth initially filed a brief in this matter, and on July 8, 2019, filed a letter stating it would not file an additional brief.

Counsel has filed an ***Anders*** brief, explaining there are no meritorious issues. Therefore, we proceed "to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." ***Commonwealth v. Flowers***, 113 A.3d 1246, 1248 (Pa. Super. 2015) (quotations and citation omitted). In so doing, we review not only the issues identified by appointed counsel in the ***Anders*** brief, but examine all of the proceedings to "make certain that appointed counsel has not overlooked the existence of potentially non-frivolous issues." ***Id.*** at 1249 (footnote omitted).

We begin by noting,

> The standard of review when an ***Anders***/***McClendon*** brief has been presented is as follows:
>
>> To be permitted to withdraw pursuant to ***Anders***, counsel must: (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record it has been determined that the appeal would be frivolous; (2) file a brief referring to anything that might arguably support the appeal, but which does not resemble a "no merit" letter or *amicus curiae* brief; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel or raise any additional points that he deems worthy of the court's attention.
>
> If these requirements are met, the Court may then evaluate the record to determine whether the appeal is frivolous.

***Commonwealth v. McBride***, 957 A.2d 752, 756-757 (Pa. Super. 2016) (citations omitted).

Because counsel has complied with the technical requirements of ***Anders***/***McClendon***, we will address the issues he raises therein as well as conducting "a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." ***Commonwealth v. Dempster***, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*). In the ***Anders***/***McClendon*** brief, counsel discusses the issues Oster sought to raise in this appeal: that the trial court failed to award him proper credit for time served and that trial counsel was ineffective for failing to raise this issue in a post-sentence motion.

Oster contends that he received ineffective assistance of counsel. Oster's Brief, at 8-9. This ineffectiveness claim, however, is premature. In ***Commonwealth v. Holmes***, 79 A.3d 562 (Pa. 2013), the Pennsylvania Supreme Court reaffirmed the general rule first set forth in ***Commonwealth v. Grant***, 813 A.2d 726 (Pa. 2002), that "claims of ineffective assistance of counsel are to be deferred to PCRA review; trial courts should not entertain claims of ineffectiveness upon post-verdict motions; and such claims should not be reviewed upon direct appeal." ***Holmes***, ***supra*** at 576. Although there are three recognized exceptions to that general rule, no exception is applicable

here.[6] Accordingly, Oster's ineffective assistance of counsel claim is not cognizable on direct appeal and must await collateral review.

Oster's underlying premise, that counsel waived Oster's challenge to the trial court's alleged failure to award credit for time served on direct appeal because counsel did not file a post-sentence motion, is incorrect. Moreover, his claim that the trial court failed to award him credit for time served is belied by the record.

In its April 11, 2019 opinion, the trial court aptly disposes of Oster's challenge to his sentence as follows:

> [Oster's] counsel did not raise [the issue of credit for time served] at sentencing or in a post-sentence motion. Pursuant to Pa.R.A.P. 302(a), as a general rule, issues not raised in the lower court are waived and cannot be raised for the first time on appeal. However, challenges to the legality of a sentence cannot be waived. **Commonwealth v. Redman**, 864 A.2d 566, 569 (Pa. Super. 2004)[, *appeal denied*, 875 A.2d 1074 (Pa. 2005)]. A challenge to the trial court's failure to award credit for time spent in custody prior to sentencing—as in the instant case—implicates

_____

[6] The **Holmes** Court recognized two exceptions: (1) where the trial court determines that a claim of ineffectiveness is "both meritorious and apparent from the record so that immediate consideration and relief is warranted[;]" or (2) where the trial court finds "good cause" for unitary review, and the defendant makes a "knowing and express waiver of his entitlement to seek PCRA review from his conviction and sentence, including an express recognition that the waiver subjects further collateral review to the time and serial petition restrictions of the PCRA." **Holmes**, **supra** at 564, 577 (footnote omitted). A third exception was recently adopted by our Supreme Court for "claims challenging trial counsel's performance where the defendant is statutorily precluded from obtaining PCRA review." **Commonwealth v. Delgros**, 183 A.3d 352, 361 (Pa. 2018) ("[W]here the defendant is ineligible for PCRA review because he was sentenced only to pay a fine, we agree with Appellant that the reasoning in **Holmes** applies with equal force to these circumstances.")

the legality of sentence. ***Commonwealth v. Beck***, 848 A.2d 987, 989 (Pa. Super. 2004). Therefore, [Oster's] claim is not waived and the [trial court] will address it below.

In relevant part, the statutory provision governing credit for time served provides:

> (1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

42 Pa.C.S.[A.] § 9760(1)

"The decided cases have held generally that a defendant shall be given credit for any days spent in custody prior to the imposition of sentence, but only if such commitment is on the offense for which sentence is imposed. Credit is not given, however, for a commitment by reason of a separate and distinct offense." ***Commonwealth v. Miller***, 655 A.2d 1000, 1002 (Pa. Super. 1995); ***see also Commonwealth v. Hollawell***, 604 A.2d 723, 725 (Pa. Super. 1992) ("The principle underlying [§ 9760] is that a defendant should be given credit for time spent in custody prior to sentencing for a particular offense.").

In Docket Number 3944-2018, the docket indicates bail was set and [Oster] was incarcerated on July 5, 2018. It further indicates that the 189 days between July 5, 2018 and January 9, 2019—the day upon which [Oster] was sentenced in the instant case—were credited toward [his] sentence. In Docket Number 70170-2018, the docket indicates bail was set on October 30, 2018, and the 72 days between that date and January 9, 2019 were credited towards [Oster's] sentence.

Although it is not entirely clear from [Oster's] 1925(b) [s]tatement, it appears to the [trial court] that [Oster] alleges the [c]ourt should have awarded time-credit from July 5, 2018 on both dockets. The "double credit" [Oster] alleges he is entitled to "is prohibited both by the statutory language of Section 9760 and by the principle that a defendant be given credit only for time

spent in custody . . . for a particular offense." **Commonwealth v. Ellsworth**, 97 A.3d 1255, 1257 ([Pa. Super.] 2014) (citations and quotation marks omitted); **see also** 42 Pa.C.S. § 9760(4).[a] Oster's issue therefore lacks merit.

> [a] This provision provides: "If the defendant is arrested on one charge and later prosecuted on another charge growing out of an act or acts that occurred prior to his arrest, credit against the maximum term and any minimum term of any sentence resulting from such prosecution shall be given for all time spent in custody under the former charge that has not been credited against another sentence."

Trial Court Opinion, 4/11/2019, at 2-3. Our independent review of the relevant law and the certified record confirms the trial court's analysis. Oster's contention that his sentence is illegal is frivolous.

Moreover, we have reviewed the record and found that any other challenges to either the guilty plea or the sentence would also be frivolous. Thus, because the certified record amply demonstrates there are no meritorious issues on direct appeal, we affirm the judgment of sentence. Additionally, we grant counsel's motion to withdraw from representation.

Judgment of sentence affirmed. Motion to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/7/2019